COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia

GARFIELD B. JOHNSON
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1587-97-2          JUDGE JAMES W. BENTON, JR.
                                       DECEMBER 15, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                     Richard S. Blanton, Judge

        Michael J. Brickhill for appellant.

        Michael T. Judge, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Garfield Johnson pled guilty to possessing with the intent

to distribute cocaine in violation of Code § 18.2-248.  Prior to

sentencing, Johnson moved to withdraw his guilty plea pursuant to

Code § 19.2-296.  The trial judge denied Johnson's motion and

sentenced Johnson to ten years in prison with eight years and one

month suspended.  On appeal, Johnson argues that the trial judge

abused his discretion by denying the motion to withdraw the plea.

 We affirm the conviction.

                                I.

     Rule 3A:8(b) provides that "[a] circuit court shall not

accept a plea of guilty . . . without first determining that the

plea is made voluntarily with an understanding of the nature of

the charge and the consequences of the plea."  The record

_____

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

establishes that after Garfield Johnson was arrested and indicted for possessing with the intent to distribute cocaine, he pled guilty during the arraignment to violating Code § 18.2-248. The following colloquy then occurred:

JUDGE: Do you fully understand the charge against you?

JOHNSON: Yes, sir.

JUDGE: Do you understand what the Commonwealth would have to prove in order to convict you?

JOHNSON: Yes, sir.

JUDGE: Have you had sufficient time to discuss this case with your attorney, including any possible defenses you might have?

JOHNSON: Yes, sir.

JUDGE: Did you discuss with [your attorney] whether you should plead guilty or not guilty?

JOHNSON: Yes, sir.

JUDGE: And after that discussion did you decide on your own, freely and voluntarily, to plead guilty?

JOHNSON: Yes, sir.

JUDGE: Are you pleading guilty because you are in fact guilty of the charge?

JOHNSON: Well, I talked to my child's mom, like, she told me, said what's best for me. I'm just going by what she said. So I just pleaded guilty.

JUDGE: Let me ask you this. You have gone over this case thoroughly with your attorney, is that correct?

JOHNSON: Yes, sir.

JUDGE: And you have talked to him about the facts and circumstances and he has related to you what the Commonwealth's evidence would be in this case, is that correct?

JOHNSON: Yes, sir.

JUDGE: And after considering what the Commonwealth's evidence would be did you decide that it is in your best interest to plead guilty?

JOHNSON: Yes, sir.

JUDGE: And are you pleading guilty because you believe the Commonwealth has substantial evidence and you don't want to run the risk of trying your case in front of a jury, is that correct?

JOHNSON: I'm pleading guilty because I don't know these people here.

JUDGE: Okay. But you understand what the evidence is?

JOHNSON: Yes, sir.

JUDGE: And you do agree that if the evidence was presented it would be sufficient to find you guilty, is that correct?

JOHNSON: Yes, sir.

JUDGE: Has anybody threatened you or coerced you in any way to get you to plead guilty?

JOHNSON: No.

JUDGE: Has anybody promised you anything to get you to plead guilty?

JOHNSON: No, sir.

JUDGE: Do you understand the maximum penalty for this offense is up to 40 years in the Virginia Department of Corrections?

JOHNSON: Yes, sir.

JUDGE: And do you understand that by pleading guilty you waive, or you give up your right to appeal the decision of this court?

JOHNSON: Yes, sir.

JUDGE: All right. And you understand the court, based on a recommendation of the Commonwealth's Attorney, and the review of a presentence report, and the sentencing guidelines, can sentence you up to 40 years, do you understand that?

JOHNSON: Yes, sir.

JUDGE: All right. And do you also understand that by pleading guilty this could cause the court to revoke your probation if you have a suspended sentence?

JOHNSON: Yes, sir.

JUDGE: Do you understand all the questions I have asked you?

JOHNSON: Yes, sir.

JUDGE: And do you also understand that by pleading guilty you are not entitled to be tried by a jury? I want to make sure we get that straight.

JOHNSON: Yes, sir.

JUDGE: All right. Do you have any questions you would like to ask the court?

JOHNSON: No.

Johnson's attorney then submitted to the trial judge Johnson's responses and signature on a written questionnaire containing questions similar to those asked by the trial judge. Johnson's attorney also submitted another document titled "Statement by Defendant Regarding Plea of Guilty to Felony,"

which was signed by Johnson. The document included the following statement:

> I hereby declare that this plea of guilty is made of my own and free and voluntary will with full understanding of the nature of the charges and the facts upon which the charges are based, with full knowledge and understanding of the consequences of a plea of guilty and of the rights I am waiving by a plea of guilty, and that this plea is made without any claim of innocence.

It also included a certification from Johnson's attorney as follows:

> I have explained to the defendant the charges against him; that the defendant's plea of guilty [was] made freely, willingly, and voluntarily with full understanding of the nature of the charges against him, the facts upon which the charges are based, the consequences of a plea of guilty and the rights waived by a plea of guilty; and that such plea of guilty accords with my understanding of the facts in the case as explained to me by the defendant.

After Johnson entered his plea and tendered those documents, the Commonwealth's Attorney orally presented the following recitation of facts:

> [O]n the nineteenth day of September, 1996, [through the] combined efforts of the Sheriff's Department for Prince Edward County and the Town of Farmville Police Department, a search warrant was executed at Route 1, Box 183 G in Rice, Virginia. At that time, Mr. Johnson was found to be an occupant of those premises. A room from which Mr. Johnson was seen to exit on more than one occasion was searched. When the officers entered the room, they found on the bed a plate containing a loose substance which they believed to be crack cocaine [and] a razor blade. Above the plate, within six or eight inches, were twenty-four individually

packaged packets containing what the officers believed to be crack cocaine.  There were also a number of empty packets in the proximity of the plate.  A search of Mr. Johnson's person, as he exited the room, by the officers revealed . . . small plastic baggies identical in shape, size, and color to those baggies found on the bed in plain view as well as with the residue of the cocaine on the plate.  The twenty-four packets, as well as the loose material which was bagged in one bag, was subsequently submitted to the Division of Forensic Science.  A Certificate of Analysis was received on those substances.  That Report of Analysis . . . indicat[es that] the twenty-four zip lock bags contained cocaine . . . and that the loose material from the plate . . . contained . . . cocaine."

The Commonwealth's Attorney also submitted to the trial judge a written stipulation, signed by Johnson, containing Johnson's admission that he "did on the 19th day of September, 1996, unlawfully and feloniously manufacture, sell, give, distribute, possess with intent to manufacture, sell, give or distribute a controlled substance or imitation controlled substance, namely: cocaine, listed in Schedule II, in violation of [Code §] 18.2-248."

The trial judge found that Johnson made his plea "freely and voluntarily," that Johnson "underst[oo]d the charge against [him]," and that he "underst[oo]d the consequences of [his] plea of guilty."  When asked if he would like to make a statement, Johnson replied:  "I know I was wrongly accused of something.  I ain't got no idea of nothing.  I ain't holding nothing.  They didn't find nothing on me.  But, try to help my little kids, you

know, I want to see them, I thought I would just plead guilty."
The trial judge accepted Johnson's guilty plea, finding
"substantial evidence in regards . . . to [Johnson's] guilt."

Prior to Johnson's scheduled sentencing date, Johnson hired
another attorney and filed a motion to withdraw his guilty plea
pursuant to Code § 19.2-296. In an affidavit, Johnson stated
that on the occasion when his plea was made (1) he had appeared
for trial, (2) he was "surprised to learn that a jury had been
summonsed" because he had informed his attorney he wanted a judge
to hear his case, (3) several witnesses who were necessary for
his defense were not present, (4) his attorney told him that the
jury would not like him because he was black and Jamaican, (4) he
did not realize that the documents he signed "related to pleading
guilty," (5) he had informed his attorney that he did not want to
plead guilty, (6) his attorney had not informed him of his right
to plead conditionally and to appeal the denial of his
suppression motion, and (7) he disagreed that the Commonwealth
could prove his guilt beyond a reasonable doubt.

At the hearing on the motion to withdraw, the trial judge
accepted Johnson's affidavit not for the truth of the allegations
but, rather, as representative of what Johnson would have said if
called to testify. Johnson's attorney argued that although
Johnson's plea was voluntary, it was not knowingly made. The
trial judge denied Johnson's motion to withdraw his plea, finding
that Johnson "made a knowing, intelligent, and voluntary plea."

The trial judge sentenced Johnson to ten years in prison and suspended eight years and one month of that sentence.

In pertinent part, Code § 19.2-296 provides that "[a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended." Citing the statute and Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949), we have previously held that whether a criminal defendant may withdraw a plea of guilty is a matter addressed to the sound discretion of the trial judge. See Hoverter v. Commonwealth, 23 Va. App. 454, 463-64, 477 S.E.2d 771, 775 (1996). "Thus, we should reverse [a trial judge's denial of the motion] only upon 'clear evidence that [the decision] was not judicially sound' and not simply to substitute our 'discretion for that rendered below.'" Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998) (citation omitted).

Citing Parris, Rule 3A:8(b), and Code § 19.2-296, Johnson contends that "it [was] not sufficient for the trial [judge] to focus exclusively on whether the plea of 'guilty' was made voluntarily, knowingly, and intelligently." He argues that Code § 19.2-296 required the trial judge to "evaluate[] Johnson's claim that through the inaction of his trial counsel, [Johnson] was not in a position to proceed to trial on [the day Johnson entered his guilty plea]." He further argues that the trial judge acted inconsistent with Parris by failing to address the issue whether Johnson's plea was made pursuant to a mistake of

material fact, fraud, coercion or undue influence.  <u>See</u> 189 Va. at 324, 52 S.E.2d at 873 (noting that "the motion should not be denied . . . if it . . . was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence").

The record clearly reveals, however, that Johnson never presented these issues to the trial judge.  In fact, Johnson framed the issue before the trial judge as follows:

> [T]his is a voluntary plea.  No one held a gun to his head.  This was not coerced.  That is not the allegation here.  <u>The only allegation here is that it was not knowing</u>. He did not know the ramifications of what he was doing when he pled guilty to this charge.  He did not have the benefit of a plea bargain.  He had no promise by the Commonwealth as far as what would happen to him if he pled guilty rather than go forward with a jury trial.
>
>     *     *     *     *     *     *     *
>
> That, coupled with the fact that he never came right out and said, yes, I'm guilty of this charge.  And, then with the third matter that he didn't even do a conditional plea. He wasn't aware that a conditional plea might have been available. . . .  He didn't even reserve the right to condition his plea on the right to appeal that pretrial motion.
>
>     All I'm saying, Judge, is that <u>those things together show the court that he did not knowingly enter into his plea of guilty</u>, and he is ready to go forward with his trial if this court will allow him.

(Emphasis added).  These statements limited the scope of the trial judge's review to whether Johnson's plea was knowingly made.

"A well-accepted definition of 'knowingly' is '[a]n act . . . done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.'" United States v. Jones, 735 F.2d 785, 789 (4th Cir. 1984) (citation omitted).  The record contains abundant evidence that Johnson's plea was knowingly made.

In considering Johnson's claim that his plea was not knowingly made, the trial judge was aware of Johnson's admissions during the extensive colloquy prior to the judge's acceptance of the plea.  In addition, Johnson signed a stipulation admitting that he possessed with the intent to distribute the cocaine.  Both Johnson and his first attorney acknowledged that the entire matter had been explained to Johnson prior to the hearing and that Johnson understood the charge against him and the consequences of pleading guilty.

Prior to pleading "guilty," Johnson informed the trial judge that he was prepared to proceed that day.  Johnson gave no indication that he was "surprised" at the presence of jurors or the absence of his witnesses.  Furthermore, the trial judge was not required to accept as true the self-serving allegations of surprise in Johnson's affidavit.

Even if Johnson was not aware of the opportunity to make a conditional plea, that fact did not make his plea an act not knowingly made.  In making a conditional plea, Johnson would have acknowledged his guilt.  Similarly, the absence of a plea bargain

did not make Johnson's plea an act not knowingly made.  Not every guilty plea is accompanied by a recommended sentence from the Commonwealth's attorney.  The record establishes that the trial judge fully disclosed to Johnson the range of punishment.  During the colloquy, Johnson acknowledged that he could be sentenced to forty years in prison.

To the extent that Johnson now raises issues that concern his first attorney's conduct, those allegations appear to be an attempt to raise claims of ineffective assistance of counsel, which are not cognizable on direct appeal.  See Roach v. Commonwealth, 251 Va. 324, 335 n.4, 468 S.E.2d 98, 105 n.4 (1996).

For these reasons, we hold that the record fails to establish that the trial judge abused his discretion.  Accordingly, we affirm the conviction.

Affirmed.