COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons[*] and Frank
Argued at Chesapeake, Virginia


DANIAL J. WILLIAMS
                                    MEMORANDUM OPINION[**] BY
v.    Record No. 1099-99-1        JUDGE ROBERT P. FRANK
                                         JULY 25, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Charles E. Poston, Judge

             Cynthia D. Garris for appellant.

             Virginia B. Theisen, Assistant Attorney
             General (Mark L. Earley, Attorney General;
             Stephen R. McCullough, Assistant Attorney
             General, on brief), for appellee.


     Danial J. Williams (appellant) challenges his convictions for

capital murder and rape.  On appeal, he contends that the trial

court erred in refusing to permit him to withdraw his pleas of

guilty.  We disagree and affirm the convictions.

                          I.   BACKGROUND

     On January 22, 1999, appellant pled guilty to the July 7,

1997 capital murder and rape of Michelle Moore Bosko (victim).

_____

     [*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Appellant signed a stipulation of facts implicating himself and six other men in the victim's rape and murder. In the stipulation, appellant stated that he did not ejaculate when he had intercourse with the victim. At the April 28, 1999 sentencing hearing, appellant moved to withdraw his pleas of guilty. The trial court denied the motion to withdraw the pleas of guilty, stating that the court found the pleas were voluntarily and intelligently made, they were not entered under fraud, coercion, or undue influence, and that the new evidence asserted by appellant was not a defense to his case. The trial court then pronounced sentence.

## II. ANALYSIS

Appellant contends that the trial court erred in denying his motion to withdraw his pleas of guilty. We find no error and affirm the judgment of the trial court.

"[W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). The trial court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a plea of guilty will not be disturbed unless plainly wrong or without evidence to support it. See Hoverter v.

-

<u>Commonwealth</u>, 23 Va. App. 454, 465, 477 S.E.2d 771, 776 (1996)

(citation omitted).

> No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

<u>Parris</u>, 189 Va. at 324, 52 S.E.2d at 873.

Appellant argues that, subsequent to the entry of his pleas, another man confessed to committing the crimes alone, which exculpates appellant and is indicative that he entered his pleas inadvisedly.  In support of his argument, appellant asserts that the physical evidence links the other man to the crimes.

Before accepting appellant's pleas, the trial court asked appellant whether he understand the plea agreement and whether he had the opportunity to discuss the plea agreement with his attorneys.  Appellant answered in the affirmative, and the trial court found that appellant's pleas were voluntarily and intelligently made.  The trial court, therefore, did not err in ruling that appellant's pleas were not entered under fraud, undue influence, or coercion.

At the time he entered his guilty pleas, appellant admitted in the stipulation of facts that he committed the crimes along with six other men.  He testified under oath that the information

-

in the stipulation of facts was true.  Clearly, he knew that other people were involved in the crime.  He also stated that he did not ejaculate when he had intercourse with the victim, indicating that there was no genetic evidence to link him to the crimes when he entered his pleas.  Thus, we find no error in the trial court's determination that the pleas were not based on a mistake of material facts.

We, therefore, find that appellant's pleas were voluntarily and intelligently made, were not made as a result of fraud, coercion, or undue influence, and his assertion that new evidence exculpates him is contrary to his own statement under oath that his admissions in the stipulation of facts were true.  For these reasons, we find no error and affirm the judgment of the trial court.

Affirmed.

-