COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Humphreys and Senior Judge Hodges
Argued at Chesapeake, Virginia


MERLIN McQUE HARRIS

v.        Record No. 2917-02-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM H. HODGES
OCTOBER 14, 2003

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Karl A. Doss, Deputy Public Defender, for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


Merlin McQue Harris, appellant, pled guilty to and was convicted of two counts of attempted robbery, malicious wounding, and two counts of use of a firearm in the commission of a felony. Appellant contends the trial court abused its discretion by refusing to permit him to withdraw his guilty pleas that were based on his reliance on erroneous information provided by defense counsel. Finding no error, we affirm the trial court's decision.

On September 6, 2001, the trial judge questioned appellant, listened to the Commonwealth's recitation of the evidence that would have been presented, reviewed the document entitled "Advice to Defendants Pleading Guilty," and reviewed the plea agreement. In the "Advice to Defendants Pleading Guilty" form, appellant represented that he had received no promises other than that contained in the plea agreement, that his attorney had explained and reviewed it with him "line by line," that he understood that the maximum punishment for the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

offenses was forty-seven years, and that he had answered the questions truthfully. Appellant's plea agreement stated that the appropriate disposition in this matter was "referral for P.S.R.-Commonwealth agrees to active sentencing cap at high end of Guideline's as they are correctly calculated by Probation Officer." Appellant asked the trial judge to follow the agreement. Defense counsel noted that the "plea agreement comes after also discussing it in its entirety with the defendant's mother, who is present in court." The trial judge found that evidence sufficient to support appellant's guilty pleas and found that appellant had freely and voluntarily entered the guilty pleas.

The sentencing guideline range for these convictions was from seven years two months to sixteen years, with a range midpoint of thirteen years four months. Appellant received an active sentence of thirteen years with an additional thirty years suspended.

On April 11, 2002, defense counsel filed a motion to withdraw appellant's guilty pleas alleging that appellant pled guilty believing the maximum sentence that would be imposed under the guidelines would be about eight years. On October 4, 2002, the trial court conducted a hearing on appellant's motion to withdraw his guilty pleas. Appellant's defense counsel explained that he had negotiated a "fairly reasonable plea agreement. The effect of which was to cap the punishment at the high end of the guidelines which we erroneously communicated to [appellant] as being eight years." Appellant's defense counsel also stated, "We didn't sit down and calculate and go through the guidelines on the date of the plea. I think we both proceeded in good faith thinking it was somewhere in that neighborhood. That was just a best guess at the time." He further represented that appellant had a conviction in Chesapeake for a violent crime, which neither he nor the Commonwealth's attorney knew about when they reached the plea agreement. Appellant did not disclose the conviction to his counsel.

At the hearing, the prosecutor told the court the following:

> Ms. Capotosto [the Commonwealth's attorney who handled the case previously] had a note here where she wrote, "robbery '95, I can't find." So there was some confusion on Ms. Capotosto's part as to what the defendant's criminal record was. I can clearly see that, and that's why she said, the correct calculations of the guidelines. She obviously was not sure, Your Honor, of what those guidelines were from what I can tell from her notes here.

The trial court's ruling on a defendant's motion to withdraw a guilty plea is reviewable only for abuse of discretion. See Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).

> "In the absence of statutory regulation or established practice, whether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. . . . [T]he motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made."

Hoverter v. Commonwealth, 23 Va. App. 454, 463-64, 477 S.E.2d 771, 775 (1996) (quoting Parris, 189 Va. at 324, 52 S.E.2d at 873).

The trial court examined the circumstances surrounding appellant's guilty pleas. There was no evidence of any official or implied agreement to an eight-year cap on the active sentence. The plea agreement which appellant signed and asked the court to accept made no mention of an eight-year cap. Rather the plea agreement said appellant agreed to "an active sentencing cap at the high end of the guidelines as they are correctly calculated." Likewise, the guilty plea form that appellant signed before trial did not indicate that appellant had a particular expectation regarding what his sentence would be. Rather, appellant acknowledged that he could receive a sentence of as much as forty-seven years. The trial judge specifically pointed out to appellant that under the plea agreement, appellant would receive "an active sentence cap of the high end of

the guidelines."  Appellant said he understood the agreement and asked the court to follow the plea agreement.  The trial court found that appellant entered his pleas freely and voluntarily after "indicating his complete and thorough understanding of exactly what it is that he is doing."

The evidence indicates that appellant fully and completely understood the plea agreement that he entered into when he voluntarily pled guilty.  The trial court sentenced appellant to an active sentence of thirteen years, below the midpoint of the guideline range and well below the sixteen-year "high end of the Guidelines as they are correctly calculated by [the] Probation Officer."  The trial court did not abuse its discretion by denying appellant's motion to withdraw his guilty plea.

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>