UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and White
Argued at Richmond, Virginia

MARK MARSH, SOMETIMES KNOWN AS
  MARK V. MARSH

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0552-22-2                        JUDGE CLIFFORD L. ATHEY, JR.
                                                    OCTOBER 17, 2023

COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                              Richard E. Moore, Judge

            Elliott M. Harding (Harding Counsel, PLLC, on brief), for appellant.

            Rachel A. Glines, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


        Mark V. Marsh ("Marsh") appeals from the final order of the Circuit Court of the City of

Charlottesville ("trial court") convicting him of felony carjacking under Code § 18.2-58.1 and

sentencing him to 12 years and 9 months of active incarceration. On appeal, Marsh contends that

the trial court erred by: (1) "materially amending the indictment and conviction order previously

entered pursuant to a plea agreement in violation of Code § 19.2-231[,]" and (2) "granting the

Commonwealth's motion to amend the pre-sentence report and sentencing guidelines and entering a

sentence pursuant to such amended guidelines." Since we find that Marsh waived these claims

under the approbation and reprobation doctrine, we affirm the judgment of the trial court.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

# I. BACKGROUND

On October 19, 2020, Marsh was indicted for multiple offenses,[1] including carjacking "by means of violence to the person, assault, putting one in fear of serious bodily harm, threats, or by presenting a firearm or other deadly weapon." The Virginia Crime Code[2] ("VCC") indicated on the indictment was ROB-1217-F9. Marsh subsequently pled guilty to the carjacking indictment pursuant to the terms of a written plea agreement. The plea agreement listed the offense that Marsh was pleading guilty to as "CR20-123-01 Carjacking w/firearm." The plea agreement also "capped" Marsh's period of active incarceration "at the midpoint of any applicable Sentencing Guidelines."

On August 24, 2021, during Marsh's plea colloquy, the trial court advised Marsh, in part, that he was charged in the indictment with carjacking "by presenting a firearm." Following the colloquy, Marsh pled guilty as charged in the indictment; he also pled guilty to a charge of assault and battery. Marsh also stipulated to violating his probation during the plea colloquy and confirmed his understanding that his sentencing guidelines were discretionary in nature. Marsh confirmed that under the plea agreement, the sentence would be within the trial court's discretion, but that the plea agreement limited his active incarceration to the midpoint of "whatever the official sentencing guidelines are." He was also advised that his sentence for the

---

[1] Marsh was indicted for seven charges arising from the same event along with a probation violation. He pleaded guilty under his plea agreement to a misdemeanor assault and battery and the felony carjacking charges and stipulated to his probation violation. In exchange, charges for robbery, violent felon in possession of a firearm, use of firearm during a carjacking, assault and battery, and brandishing a firearm were nolle prosequied by motion of the Commonwealth.

[2] The Virginia crime codes are an offense identification system based on the Code of Virginia and developed by the Virginia Criminal Sentencing Commission. *See* Code §§ 17.1-800 to -806. VCC references are required inclusions in "any criminal . . . indictment" that "involves a jailable offense," but "shall only be used to facilitate administration and research[] and shall not have any legal standing as they relate to a particular offense or offenses." Code § 19.2-390.01.

probation violation would run concurrent with the sentences imposed for the carjacking and assault and battery convictions. Following the plea colloquy and after confirming that Marsh was "pleading guilty because [he] was guilty," the trial court accepted Marsh's guilty pleas as free and voluntary. Marsh acknowledged that he had read and signed the plea agreement and requested that the trial court enter the written plea agreement.

Next, the Commonwealth proffered the relevant facts related to the carjacking indictment. The Commonwealth first proffered that on the morning of January 10, 2020, Charlottesville police responded to 932 Rives Street for a report of "disorder with a weapon." Based on an interview with Tiera Churchman ("Churchman"), the Commonwealth further proffered that Marsh had assaulted Churchman as she was walking to her vehicle parked on Rives Street. Churchman knew Marsh as she had "dated him off and on" for the last few years. Bryan Brubaker ("Brubaker") also advised law enforcement that he initially drove by the altercation but stopped when a neighbor, Sarah Njanjom ("Njanjom"), asked Brubaker to assist Churchman. Brubaker backed up, exited his vehicle, demanded that Marsh get off Churchman, and called 911. As Brubaker spoke to the 911 operator, Marsh pointed a "chrome revolver" at him, and Marsh then took Brubaker's cell phone and vehicle, driving from the scene. The 911 call recorded Brubaker pleading for his life as Marsh demanded that Brubaker get out of Brubaker's car. Njanjom also called 911 as she watched from the front window of her house. She reported that a man pulled a gun on her neighbor and took his vehicle. Although Churchman recanted her statement to the police the following day, Brubaker and Njanjom maintained their statements. Upon his arrest several months later, Marsh confessed to taking Brubaker's phone and vehicle. The Commonwealth noted during its proffer that "the most significant charge is the carjacking using a firearm."

When the trial court asked if there were any corrections or addendums to the proffer, Marsh acknowledged that the proffered facts "would be the essence of the Commonwealth's evidence." Marsh's only "very minor" correction was that he was "not aware of any record[ing]" of Brubaker's pleading for his life, but agreed that would only be relevant for sentencing, not for a finding of guilt to the charge of carjacking. He did not dispute the presence or use of the firearm to commit the carjacking. The trial court then found Marsh guilty of "carjacking with a firearm," with no objection from Marsh.

At the sentencing hearing on December 7, 2021, the Commonwealth moved to correct the VCC on the indictment to reflect the proper VCC for carjacking with the use of a firearm.[3] Marsh objected on the grounds that such an amendment after a finding of guilt would violate Code § 19.2-231. The trial court granted the Commonwealth's motion over Marsh's objection, stating that "the charging language is not changing, the code section is not changing, the plea agreement is not changing, and the facts summary that was given is the same." Marsh never made a motion to withdraw his guilty plea. The Commonwealth then submitted amended sentencing guidelines that altered the range midpoint from 9 years and 7 months to 18 years and 7 months. The trial court offered to continue the hearing to allow Marsh time to prepare with the changed guidelines, but Marsh requested to move forward that same day. The trial court heard testimony and arguments regarding sentencing, but then continued the hearing as it needed additional time to consider all the circumstances before delivering a sentence.

Before the next hearing, Marsh filed a "Brief in Opposition to the Commonwealth's Motion to Amend the Pre-Sentence Guidelines" that again objected to the change of the VCC in the indictment and sentencing guidelines for the same reasons cited in the previous hearing.

---

[3] The proper VCC for the offense of carjacking specifically with the use of a firearm was ROB-1224-F9, not ROB-1217-F9 as stated in the indictment.

During the next sentencing hearing on February 15, 2022, the trial court agreed to reopen the matter. Marsh argued that he "never pleaded or admitted to the presence of a firearm" and that the plea agreement he signed was specifically for a type of carjacking that matched the VCC of the original indictment. Marsh alleged he "explicitly den[ied] the presence of a firearm at all times" and that the trial court needed to follow the VCC that "Marsh pleaded guilty to." The trial court noted that Marsh appeared to assert there was no "meeting of the minds" about the plea agreement, and if so, then "[Marsh] can get out of [the plea agreement], he can plead not guilty, and we can go to trial on all seven charges." But Marsh refused to move to withdraw his guilty pleas. The trial court then overruled Marsh's objection to the change in the VCC and entered a final order sentencing Marsh to 12 years and 9 months of active incarceration on the carjacking with a firearm offense. This appeal followed.

II. ANALYSIS

On appeal, Marsh alleges the trial court erred by: (1) granting the Commonwealth's motion to amend the VCC in the indictment in violation of his plea agreement, and (2) granting the Commonwealth's motion to amend the sentencing guidelines under that new VCC. Marsh contends that altering the VCC constitutes a material amendment to the indictment barred by Code § 19.2-231, in part, because Marsh never agreed to plead guilty to carjacking using a firearm. However, "we are nonetheless barred by the approbate and reprobate doctrine from reaching the merits" of Marsh's claims, as his arguments are inconsistent with his plea, made voluntarily and in accordance with the written agreement. *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020).

A "party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Id.* (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The 'doctrine against approbation and

- 5 -

reprobation' applies both to assertions of fact and law, and precludes litigants from 'playing fast and loose' with the courts, or 'blowing hot and cold' depending on their perceived self-interests." *Id.* at 403-04 (quoting *Babcock & Wilcox v. Areva*, 292 Va. 165, 204-05 (2016)).

Here, Marsh alleges that he was found guilty and sentenced to a crime to which he neither entered a plea nor to which he agreed to plead guilty. However, the language in the indictment clearly contemplated carjacking while using a firearm. Also, his own written plea agreement listed the offense as "Carjacking w/firearm." In addition, the trial court confirmed, during the colloquy, that Marsh pleaded guilty voluntarily pursuant to the terms of the plea agreement. The facts proffered by the Commonwealth specified the use of a firearm and emphasized the significance of the use of that firearm in the commission of the crime. Accordingly, the trial court found Marsh guilty of carjacking with the use of a firearm. Marsh even agreed on the record that the proffered facts were the Commonwealth's evidence, his only question was whether a witness (Brubaker) made certain recorded statements. Marsh also never challenged or corrected the Commonwealth's proffer or the trial court's finding that a firearm was used.

Marsh now argues that correcting the VCC in the indictment was "in violation of the Code, due process, and contractual principles governing plea agreements." However, the trial court asked Marsh if he claimed there was no "meeting of the minds" regarding his plea agreement, and if Marsh had answered in the affirmative, the trial court was willing to entertain a motion to withdraw his guilty plea. When requested before sentencing, a motion to withdraw a guilty plea "should be granted if the guilty plea was 'made involuntarily' or 'entered inadvisedly, if any reasonable ground is offered for going to the jury.'" *Brown v. Commonwealth*, 297 Va. 295, 299 (2019) (quoting *Parris v. Commonwealth*, 189 Va. 321, 325 (1949)). Instead, Marsh

affirmed there was a "meeting of the minds" regarding the plea agreement and declined the offer to move to withdraw his plea to the indictment with the now corrected VCC.

Marsh cannot maintain all the benefits accruing from his guilty plea while simultaneously challenging his sentence under that plea. His decision to plead guilty to "Carjacking w/firearm" and his failure to contest the Commonwealth's proffer of facts about the use of the firearm prevents him from now contending on appeal that he did not plead guilty to carjacking with the use of a firearm. *See Rowe*, 277 Va. at 502-03 (holding that defense counsel's agreement about a lesser-included offense at trial precluded his ability to argue that issue on appeal). If there was some mistake about the facts that formed the basis for accepting his plea, Marsh's remedy was to withdraw his guilty plea and his refusal to do so is inconsistent with his arguments.

III. CONCLUSION

For the foregoing reasons, the trial court is affirmed.

*Affirmed*.