# Richmond

JOE PARRIS v. COMMONWEALTH OF VIRGINIA.

April 25, 1949.

Record No. 3506.

Present, All the Justices.

The opinion states the case.

*H. E. Widener* and *John C. Summers, Jr.*, for the plaintiff in error.

*J. Lindsay Almond, Jr.*, Attorney General, and *Henry T. Wickham*, Assistant Attorney General, for the Commonwealth.

MILLER, J., delivered the opinion of the court.

On the 24th day of May, 1948, Joe Parris was indicted for seduction. The crime was alleged to have been committed in August, 1947. He was arraigned on the 3rd of June, 1948, and pleaded guilty. No evidence was heard and the court did not then impose punishment but deferred determination of that phase of the case to a later date.

On June 28, 1948, accused moved for leave to withdraw his plea and interpose one of not guilty. The motion was refused by the court and he was, on that day, sentenced to two years confinement in the penitentiary.

The sole assignment of error is that the court erred when it declined to allow withdrawal of the plea of guilty and the substitution therefor of a plea of not guilty.

Determination of this question requires an examination of the circumstances confronting accused immediately prior to and at the time he pleaded to the charge. Facts and considerations that influenced him to interpose the plea of guilty and to later move for its withdrawal are detailed by him in two affidavits presented on the day his motion was submitted and denied.

Briefly stated, they disclose that on February 19, 1948, before accused knew of the pregnancy of the prosecutrix and when he had no indication that she would be willing to marry him, he had married one Ruby Barr, who, it is stated, was then under sixteen years of age. Her foster parents were much incensed at the marriage. They interviewed counsel with the view of securing an annulment,

and had been advised that such could be obtained. The affidavit further states that "* * * at the time said plea was entered by defendant, he, in good faith, thought that said foster parents were proceeding on behalf of the said Ruby Barr to have the said marriage annulled.

"These facts were well known to the attorney for the Commonwealth, who stated to defendant's counsel that in his opinion the marriage could be annulled without undue delay and leave defendant free to marry the prosecutrix."

When he pleaded to the indictment, accused had been assured by the prosecutrix that she was willing to marry him and he had been advised by his counsel that marriage was a complete defense to further proceedings. However, before pleading, his counsel sought a continuance until the contemplated marriage could take place but the Commonwealth's Attorney insisted that he be arraigned and plead. Accused states that he understood, and in good faith believed, that the marriage could and would be consummated, and relying upon the assurance that the prosecution would thereby terminate, he pleaded guilty.

He was not then sentenced, but the matter was allowed to remain as it was until further notice. Immediately after entering the plea, he approached the prosecutrix to discuss the contemplated marriage, but, to his surprise, he was then told that she would not marry him or even discuss the matter.

The affidavit further states, "Defendant has been advised through others, but not directly through the prosecutrix, that after his plea of guilty she stated that she then had defendant where she wanted him and would put him in the penitentiary. Defendant had hoped, even after the refusal of the prosecutrix to talk to him on the day when his plea was entered, to get the prosecutrix to agree to the marriage and thought it might be done until it was flatly stated by the attorney for the Commonwealth, on the morning of June 26th, that under no circumstances would the prosecutrix agree to the marriage. * * *"

It also asserts that accused stands ready and desirous of

marrying the prosecutrix and assume his duty as husband and father if the marriage can be arranged and that his motion is not to interpose any dilatory defense, but in good faith and for the purpose of pleading not guilty. He further maintains that he is innocent of the felony charged.

In short, the affidavits disclose that when the plea was made, accused had reason to believe, and did believe, that the marriage would take place and the prosecution be terminated, and that he would not otherwise have pleaded guilty.

There were no counter-affidavits filed, though certain parts of the affidavits submitted by accused are contradicted by statements appearing in the record made by the Commonwealth's Attorney and counsel assisting in the prosecution. Yet, in these statements, some material facts asserted by accused are admitted to be true, such as the assertion that the foster parents of Ruby Barr had consulted counsel about securing an annulment of her marriage.

■■ In the absence of statutory regulation or established practice, whether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

In *Early* v. *Commonwealth*, 86 Va. 921, at p. 924, 11 S. E. 795, the principle is stated thus:

"The settled doctrine, however, is that the judge may permit a plea to be withdrawn, and another one substituted, whenever by so doing he does not violate any positive rule of law or of established practice. But such a discretion will

rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense."

To the same effect is *Reed* v. *Commonwealth*, 98 Va. 817, 36 S. E. 399.

The principle briefly announced in the above two decisions from this jurisdiction is more elaborately set out in 14 Am. Jur., "Criminal Law", sec. 287, at p. 961:

"As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances. Generally, however, it may be said that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Under what circumstances the trial court should allow a plea of guilty to be withdrawn and one of not guilty substituted is well-stated in Abbott, Criminal Trial Practice, 4th ed., sec. 118, at p. 212, where, among other things, it is said:

"The plea of guilty to a serious criminal charge should be freely and voluntarily made, and entered by the accused, without a semblance of coercion, and without fear or duress of any kind, and the accused should be permitted to withdraw a plea of guilty entered unadvisedly when application therefor is duly made in good faith and sustained by proofs,

and a proper offer is made to go to trial on a plea of not guilty."

A careful scrutiny and analysis of the affidavits filed by accused and the statements made by the Commonwealth's Attorney and assisting counsel inescapably and sufficiently establish that, at the time the accused submitted his plea, he, in good faith, believed and had reasonable grounds to believe that if he pleaded guilty, the marriage to Ruby Barr could and would be annulled and the prosecutrix and he would then be married and further prosecution thus avoided. The circumstances presented and the belief thereby induced in his mind constituted a strong, if not controlling, reason for the character of plea interposed. From the information at hand, he labored under a mistake and misapprehension of a material fact or facts which induced a plea that would otherwise not have been made.

Measured by the principles set out in the above decisions and texts, we are of opinion that the facts appearing in the record required the trial court, in the exercise of a sound discretion, to permit the withdrawal of the plea of guilty and substitution of one of not guilty.

The judgment of conviction is reversed with leave to the accused to withdraw his plea heretofore submitted and plead not guilty to the indictment.

*Reversed and remanded.*