COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


TIMOTHY LAMONT BOOKER, JR.

MEMORANDUM OPINION[*] BY

v.      Record No. 1325-07-2      JUDGE RANDOLPH A. BEALES
                                            APRIL 8, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

Mark E. Englisby (Englisby, Englishby, Vaughn & Englishby, on
brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Timothy L. Booker, Jr., (appellant) pled guilty and was convicted of two counts of robbery

under Code § 18.2-58 and of two counts of use of a firearm in the commission of a robbery under

Code § 18.2-53.1.  On appeal, he claims the trial court erred in denying his motion to withdraw his

guilty pleas.  Finding no error, we affirm his convictions.

I. BACKGROUND

On July 14, 2004, appellant and two co-conspirators drove to a gas station and robbed the

cashier at gunpoint.  The three men then drove to a Food Lion to rob it, but the front doors were

locked so they could not get into the store.  The men then drove to a 7-Eleven and robbed both

the cashier and a customer at gunpoint.  One of the co-conspirators confessed, naming appellant

and a third person as the other perpetrators of these crimes.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was charged with three counts of robbery, one count of attempted robbery, and four counts of use of a firearm in the commission of a robbery or an attempted robbery. In exchange for his guilty pleas, the Commonwealth offered to drop one robbery charge, the attempted robbery charge, and two of the firearms charges. The agreement did not include a recommended sentence. Appellant accepted this plea agreement.

During the colloquy on his guilty pleas, the trial court discussed all aspects of the agreement with appellant. Appellant said he was unhappy with the services of his attorney because "he could have tried harder," and he added that he would have preferred "another plea agreement." When asked if he still wanted to proceed under the plea agreement, appellant said, "If I change the plea now, I'd be doing no good." The trial court then heard the Commonwealth's proffer of the evidence and accepted appellant's guilty pleas.

Prior to sentencing, appellant sent a letter to the trial court, stating that he wanted to "make a motion to dismiss my plea agreement." The court did not read the letter, but instead handed it to appellant's counsel at the sentencing hearing. Counsel said nothing about the letter. Later in the sentencing hearing, the trial court gave appellant an opportunity to speak. At this point, appellant himself then told the court that he was "not satisfied with the plea agreement." He said he was told about the colloquy and "was told how to answer those questions." He claimed he was "rushed" into signing the plea agreement. He also claimed he was just "in the wrong place at the wrong time." The trial court denied his motion, describing his attitude as "buyer's remorse because you've seen the sentence imposed in the other cases."

## II. ANALYSIS

### A. Rule 5A:18

On appeal, the Commonwealth argues that appellant did not preserve his argument because he only asked that the *plea agreement* be withdrawn, not specifically that his *guilty pleas*

be withdrawn. This argument ignores the fact that, if the plea agreement were withdrawn, then appellant's guilty pleas would be withdrawn, too. Obviously, appellant was not asking the trial court to reinstate the other four charges against him and leave his guilty pleas in place. In addition, a review of the transcript from the sentencing hearing shows the trial court clearly considered appellant's request as a motion to withdraw his guilty pleas and that appellant's arguments to this Court are basically the same as the arguments he made during the sentencing hearing.

As appellant makes the same argument on appeal that he did to the trial court, albeit with a slightly different label, we find Rule 5A:18 does not prevent consideration of this appeal.

## B. Withdrawal of Guilty Pleas

Under Code § 19.2-296, "[a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended . . . ." Such a decision is "a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). However,

> the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.
>
> In Early v. Commonwealth, 86 Va. 921, at p. 924, 11 S.E. 795, the principle is stated thus:
>
> ". . . But such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense."
>
> \*   \*   \*   \*   \*   \*   \*
>
> "Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily

- 3 -

> for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury." [14 Am. Jur., "Criminal Law", sec. 287, at p. 961.]

Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74.

Appellant argues that the trial court erred in denying his motion because "his statements fall well within the standards prescribed by the Parris case and its progeny." The most recent "progeny" of Parris is Coleman v. Commonwealth, 51 Va. App. 284, 657 S.E.2d 164 (2008), where this Court affirmed a trial court's denial of a motion to withdraw guilty pleas. The Supreme Court recently considered this same issue in Justus v. Commonwealth, 274 Va. 143, 645 S.E.2d 284 (2007), where that Court found the trial court erred in denying a motion to withdraw guilty pleas. We find Coleman is more applicable to the facts of this case.

In Justus, when asking the trial court to grant her motion to withdraw her guilty pleas, the defendant presented to the court two affidavits that supported her alleged defenses to the charged crimes. Id. at 149-50, 645 S.E.2d at 286. These affidavits supported Justus's argument that she lived in the home that she entered, so she could not be guilty of breaking and entering, and that she acted in self-defense after she was attacked upon entering her own home. Id. at 150, 645 S.E.2d at 286. The Supreme Court found "her motion to withdraw her guilty pleas was made in good faith and premised upon a reasonable basis for substantive, and not 'merely dilatory or formal,' defenses to the charges." Id. at 155-56, 645 S.E.2d at 290. Justus had established that her guilty pleas were premised on a mistaken belief that she had no legitimate defense to the crimes; therefore, the trial court should have granted her motion.

In Coleman, on the other hand, the defendant claimed he had a defense of mistaken identity, even though all five witnesses positively identified him as the perpetrator of the crimes. 51 Va. App. at 292, 657 S.E.2d at 168. He also claimed he was pressured into pleading guilty. Id. at 287, 657 S.E.2d at 166. Coleman presented no evidence to support either claim, and the

colloquy indicated that the pressure he felt was not from coercion or undue influence but instead from fear of the life sentences he potentially faced if he did not plead guilty pursuant to the offered plea agreement. Id. at 287-88, 657 S.E.2d at 166. This Court found that he "did not have a viable or 'reasonable' defense" and that he was not unduly pressured into pleading guilty. Id. at 292, 657 S.E.2d at 168.

Here, appellant presented no affidavits and essentially submitted no evidence to the trial court in support of his motion, claiming simply that he was not guilty because he was "in the wrong place at the wrong time." Given he participated in two different robberies and an attempted robbery, at three different places, this "defense," which the trial court found was "buyer's remorse," has no credibility. He presented a "merely dilatory or formal" defense, similar to the claim in Coleman, rather than one requiring that a court grant the motion to withdraw guilty pleas, as was the case in Justus. Appellant does not argue that he made a mistake of fact, as in Parris, or that he had an affirmative defense, as in Justus. In short, the trial court here was not required as a matter of law to grant appellant's motion to withdraw his guilty pleas based on his alleged defense.

Appellant also claims he knew the appropriate answers to the colloquy questions before the hearing and that he was "rushed" and "persuaded" into accepting the plea agreement. However, neither of these allegations, based on this record, suggests that the trial court erred in denying appellant's motion to withdraw his pleas. Again, these claims are similar to the facts in Coleman, not the facts in Justus.

Although appellant implies foreknowledge of the colloquy questions and answers is inappropriate, this allegation essentially proves only that his attorney prepared him for the hearing. Appellant provides this Court with no law that suggests knowledge of the colloquy and the expected answers taints his plea. In fact, appellant's counsel acknowledged during oral

argument that attorneys should review the colloquy questions with criminal defendants before entering guilty pleas. See ABA Standards for Criminal Justice Pleas of Guilty 118 (3d ed. 1999). Appellant does not allege that counsel advised him to lie during the colloquy.

A review of the colloquy does not suggest that appellant was impermissibly coached in his answers. During the colloquy, appellant felt free to say "no" when asked if his attorney had "done everything necessary to investigate this case," and he freely explained to the court that some of the information was not clear to him until the court explained it during the colloquy. When asked by the court if he had any further questions, appellant responded, "No, sir, you answered all of them." He also acknowledged that, although he would have preferred "another plea agreement," changing his plea would "be doing no good."

This colloquy also refutes appellant's contention that he was improperly "rushed" and "persuaded" into accepting the guilty pleas. Appellant clearly understood that the Commonwealth would not prosecute him for four of the eight felonies he faced if he agreed to plead guilty to the other four felonies noted in the plea agreement. When the trial court asked if the colloquy had changed his mind or if he wanted to "change [his] pleas in any way," appellant answered, "No, sir." The court asked, "So, you think it's still in your best interest to go forward with the plea agreement, is that correct?" Appellant answered, "Yes, sir."

Given these circumstances, this case is most like Coleman. The record does not support appellant's allegation that he was pressured into accepting the plea agreement. Instead, his "buyer's remorse" is, essentially, the type of "natural fear" that we found in Coleman. 51 Va. App. at 290, 657 S.E.2d at 167. Given these facts, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty pleas.

## III.  CONCLUSION

Based on the above findings, we hold that the trial court did not err when it denied appellant's motion to withdraw his guilty pleas.  Therefore, we affirm his convictions.

<u>Affirmed.</u>