COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


GEORGE ANDREW HUGHES, JR.

                                                    MEMORANDUM OPINION* BY
v.         Record No. 1003-07-1                  JUDGE JAMES W. HALEY, JR.
                                                        MAY 13, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

C. Stewart Gill, Jr. (Bennett and Zydron, P.C., on brief), for
appellant.

Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


I.  INTRODUCTION

George Andrew Hughes, Jr. appeals the decision of the Circuit Court of the City of

Virginia Beach, which denied his motion to withdraw his guilty pleas.  Hughes argues his pleas

were not valid since his counsel failed to advise him of the significance of the pleas and at the

time of the plea hearing his attention was focused on the well-being of his family and particularly

his ill wife.  We affirm the circuit court.

II.  FACTS

On October 17, 2005, a grand jury indicted Hughes on felony charges of driving under

the influence, fourth or subsequent offense, and driving on a license revoked for driving under

the influence.  A warrant also charged Hughes with the misdemeanor offense of refusal to take a

blood or breath test, second or subsequent offense.  The indictment was later amended to state a

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

charge of driving under the influence, third or subsequent offense, rather than fourth or subsequent offense.

Hughes appeared before the circuit court on January 3, 2006, to enter guilty pleas to the charges. Hughes answered a series of routine questions asked by the court when accepting pleas. Specifically, he stated he understood the charges against him, had discussed them with his lawyer, and entered his pleas freely and voluntarily. He indicated satisfaction with the services of his lawyer and that he understood the maximum sentences. Hughes stated he did not have any questions for the court. After this colloquy, the court accepted the pleas. The prosecution then read a summary of the evidence against Hughes for the court. This revealed a police officer saw Hughes driving and speeding. The officer stopped Hughes at his house. The officer removed Hughes from the car and noticed Hughes swaying, slurring his speech, and displaying a flushed face. Additionally, Hughes exhibited an odor of alcohol and failed sobriety tests. Hughes refused to take a breath test. Hughes' counsel stipulated to these facts. At the conclusion of the hearing, Hughes' counsel moved the court to set bond (Hughes had been incarcerated). The court agreed, and Hughes was later released.

Hughes again appeared before the court, although with a different judge, for sentencing on April 25, 2006. During this hearing, Hughes' counsel stated Hughes wished to withdraw his guilty pleas. The court questioned Hughes about his motion.

Hughes maintained he was, in fact, innocent of the charged crimes. He stated he "was not driving that car." Hughes told the court: "I was in my yard. I got a DUI in my yard. I was not in the car, sir." Explaining further, he stated: "The officer came upon my house, passed up and backed in the yard. Asked me to come here, come to him . . . . He turned around and gave me a sobriety test. He didn't check the car to see if the car was warm or anything of that

nature."[1]  Hughes told the court he could produce a witness to corroborate his version of events, but did not submit an affidavit or produce the witness for the court.[2]

Hughes gave conflicting reasons for why he pled guilty.  He declared his lawyer misled him on the significance of the pleas.  He stated:  "He told me to take a plea."  He further declared: "I did not understand at the time 'cause I asked him would I be showing guilt if I say I pleaded to this case.  He said, No.  I thought I was getting the opportunity for him to represent me."  Hughes indicated he wished to go to trial to prove his innocence.  Yet Hughes also explained he pled guilty in order to make bond and work to support his ailing wife, who had cancer.  Hughes stated:  "My wife has cancer and I was locked up for five months for something I didn't do . . . . I had to get out to go to work and help my wife."  Again, in response to a question from the court as to why he pled guilty, Hughes stated:  "Because my wife has cancer, and I had to get out of jail.  I've been locked up for five months for nothing I didn't do.  Lost my job.  I got my job back.  I just started back to work three weeks ago.  My back was against the wall."[3]

After hearing arguments, the court denied Hughes' motion.  The court stated the motion simply represented an attempt by Hughes to delay the proceedings.  The court then conducted a hearing on sentencing, at the end of which it pronounced sentence.  Hughes now appeals.

---

[1] Hughes' version of events became clear when he testified in the sentencing proceeding after the court denied his motion.  Hughes testified he came home from work and had a few beers.  He noticed the car was not in his yard.  When he took his trash out, he perceived the car in his yard and saw a police car coming to his house.  The officer asked him to take a sobriety test and arrested him for drunk driving.

[2] Hughes made clear when testifying during the sentencing proceeding he believed his son had been the one driving the car.  Hughes asserted his son did not come to court because he "had just got off probation, a charge for drugs; and he was scared to come to court to tell the truth about who had the car."

[3] Hughes later clearly stated during the sentencing proceeding:  "I took a plea, but I had to get out of jail to help my wife, and I would have done anything to help my wife."

III. ANALYSIS

Code § 19.2-296 governs the manner by which a defendant may seek to withdraw a guilty plea. The Code states:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Code § 19.2-296. The determination of whether to grant the motion "rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).

The Virginia Supreme Court recently gave thorough consideration to the law surrounding a motion to withdraw a guilty plea made before sentencing in Justus v. Commonwealth, 274 Va. 143, 645 S.E.2d 284 (2007). The Court stated that while the code provides motions made after sentencing may only be granted to correct manifest injustice, "logic dictates that the standard must be more liberal" for motions brought before sentencing. Id. at 153, 645 S.E.2d at 288. The Court quoted Parris for the following standard:

> "[A motion to withdraw] a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Id. (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). The Justus Court continued to quote Parris to find that a defendant "'should be permitted to withdraw a plea of guilty entered [i]nadvisedly

- 4 -

when application thereof is duly made in good faith and sustained by proofs, and a proper offer is made to go to trial on a plea of not guilty.'" Id. at 153-54, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874). In summary, "[t]he proper emphasis . . . is upon whether it is in the least evident that the ends of justice will be served by permitting" a withdrawal. Id. at 155, 645 S.E.2d at 289. Yet it is also noteworthy that the Parris Court stated "'discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Parris, 189 Va. at 324-25, 52 S.E.2d at 874 (quoting Early v. Commonwealth, 86 Va. 921, 924, 11 S.E. 795, 796 (1890)).

The Justus Court permitted the defendant there to withdraw her guilty plea. The defendant stood accused of breaking and entering, destruction of property, and malicious wounding. Justus, 274 Va. at 147, 645 S.E.2d at 285. The defendant provided an affidavit and the representation of counsel that she resided in the house she allegedly broke and entered. Id. at 155, 645 S.E.2d at 290. The Court found neither of these items inherently incredible and noted that if proven they would provide absolute defenses to the charges of breaking and entering and destruction of property. Id. To rebut the malicious wounding charge, the defendant supplied an affidavit saying she acted in self-defense. Id. The Court again found this evidence not inherently incredible. Id. Based on this evidence, the Court held the withdrawal motion "was made in good faith and premised upon a reasonable basis for substantive, and not 'merely dilatory or formal,' defenses to the charges." Id. at 155-56, 645 S.E.2d at 290. Thus, the Court allowed the defendant to withdraw the pleas. Id. at 156, 645 S.E.2d at 290.

The Parris Court likewise permitted the defendant to withdraw his plea. The defendant there submitted affidavits showing at the time he entered his plea, he reasonably believed the plea was simply a step in having the prosecution dismissed. Parris, 189 Va. at 326, 52 S.E.2d at 874. The Court held that since the defendant "labored under a mistake and misapprehension of a

material fact or facts which induced a plea that would otherwise not have been made," he could withdraw the plea. Id.

We recently addressed the implications of Justus in Coleman v. Commonwealth, 51 Va. App. 284, 657 S.E.2d 164 (2008). The defendant there was charged in connection with a robbery. Id. at 286, 657 S.E.2d at 165. He first entered an Alford plea, but then moved to withdraw it, which the circuit court granted. Id. at 287, 657 S.E.2d at 165-66. The defendant then moved to suppress eyewitness identifications. Id. at 287, 657 S.E.2d at 166. During a hearing on the motion, each of the witnesses identified the defendant as the robber. Id. The circuit court denied the motion and set the case for trial. Id. The defendant entered into a plea agreement with the prosecution and pled guilty, but again moved to withdraw his plea. Id. The defendant stated he was not thinking correctly when he pled guilty and felt pressure to plead guilty to avoid a life sentence. Id. at 288, 657 S.E.2d at 166. He indicated he wished to go to trial and prove his innocence, but did not offer any evidence of his innocence. Id. The circuit court found no evidence of coercion or of a failure of the defendant to understand the charges. Id. It further cited seemingly overwhelming evidence of guilt and denied the motion to withdraw. Id.

Relying on Justus and Parris, we affirmed the circuit court. We found significant differences between the claims in Justus and Parris and the defendant's arguments. Id. at 290, 657 S.E.2d at 167. We first noted the simple fear of imprisonment was not sufficient to invalidate a plea and that although the defendant argued he was going crazy, the circuit court was entitled to find these statements not credible. Id. at 291-92, 657 S.E.2d at 168. Furthermore, while the Justus defendant's defense was reasonable, in our case the defense was extremely unreasonable. Id. at 292, 657 S.E.2d at 168. Each witness identified the defendant as the perpetrator. Id. The defendant gave the circuit court no evidence to support his defense theory.

Id. at 292-93, 657 S.E.2d at 168. In summary, we held: "Appellant presented no affidavits, alibi witnesses, or even any explanation of his . . . defense. He simply claimed that he wanted a chance to prove [his innocence] . . . . Therefore, he did not present a 'reasonable basis for a [substantive]' defense, but instead presented a 'merely dilatory or formal' defense . . . ." Id. at 293, 657 S.E.2d at 168-69.

In this case, Hughes first entered his guilty plea and answered the standard questions from the circuit court indicating he understood the nature of his plea. He stated he understood the charges, entered the pleas voluntarily, and had discussed them with his lawyer. He stated he comprehended the maximum sentences.

At the sentencing hearing, Hughes stated he wished to withdraw his plea. He indicated he was, in fact, innocent of the crimes charged. Under Hughes' version of the events, the officer came to Hughes' house while Hughes was in the yard. The officer then administered a sobriety test. Hughes stated he could bring a witness to prove his innocence, but did not offer an affidavit or produce the witness for the court. The proposed witness was Hughes' son.

Hughes offered conflicting explanations for why he decided to plead guilty. He stated he did not understand the nature of his guilty plea. He declared his lawyer told him the plea would not represent an admission of guilt and affirmed a belief the case would proceed to trial. On the other hand, Hughes stated on multiple occasions he pled guilty because his wife had cancer and he needed to get out of jail to earn money.

This record supports the circuit court's decision to deny Hughes' motion. Unlike the defendants in both Justus and Parris, Hughes did not offer any affidavits to support his motion. Although Hughes stated he could produce a witness, the witness did not appear in court and Hughes provided no evidence of what the witness would say beyond his own assertions. The conflicting nature of Hughes' reasons for pleading guilty also suggests an attempt to avoid the

consequences of his actions.  Moreover, to the extent Hughes pled guilty to obtain bond and work, such an assertion is clearly dilatory and in bad faith.  As the circuit court found, Hughes' motion appears to have represented simply an attempt to avoid jail.  Hughes did not offer a reasonable foundation for a defense, as required by Justus.  Thus, the circuit court did not err in denying his motion.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.