COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


DARREN LAMONT RICE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1849-07-4        JUDGE ROSEMARIE ANNUNZIATA
                                                    JUNE 17, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Martin Bass, Judge

John M. Spencer (Spencer & Seguin, PLC, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


On May 1, 2006, Darren Lamont Rice was indicted for three counts of rape, two counts of

forcible sodomy, abduction with the intent to defile, object sexual penetration, carnal knowledge of

a minor, conspiracy to commit a felony, and production of child pornography.  On November 15,

2006, Rice entered "Alford[1] pleas of guilty" to rape, conspiracy to commit a felony, and unlawful

videotaping of a minor.  The remaining charges were *nolle prosequied* per the written plea

agreement.  The plea agreement did not include any recommendation with regard to sentencing.

On April 23, 2007, Rice sought permission to withdraw his Alford pleas, stating that his

attorney exercised "undue influence" on his decision to enter the pleas.[2]  The trial court denied

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Courts treat Alford pleas as having the same preclusive effect as a guilty pleas.  Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652 (2000).

[2] Rice conceded there was neither a mistake in fact nor fraud or coercion when he entered the pleas.

Rice's motion and sentenced him to a total of thirty years in prison, with eighteen years suspended.

Rice argues the trial court abused its discretion in denying his motion to withdraw his Alford pleas.

Finding no error, we affirm.

BACKGROUND

Under settled principles, we review the evidence in the "light most favorable" to the

Commonwealth. Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). So

viewed, the evidence proved that during the plea colloquy, Rice stated he made the decision to

enter the guilty pleas voluntarily and of his own free will. He acknowledged that no one forced

him to enter the pleas or threatened him in any manner. He further stated that he made the

decision to enter the pleas after discussing the charges with his attorney, including the elements

of proof for each charge, all possible defenses, and whether pleas of guilty or not guilty should

be entered. Rice also sought his mother's opinion, who advised him to accept the plea

agreement.

Rice claims he acted under "undue influence" and "felt pressure" to accept the plea

agreement because, on the day of the plea hearing, his attorney advised him that no agreement as

to sentencing had been reached and that he was facing multiple life terms if he did not accept the

plea agreement, advice that Rice claimed was contrary to what he had been earlier told.[3] Rice

also was concerned because he faced fighting the charges alone since his two codefendants had

already accepted plea agreements. Questioned about his answers during the plea colloquy, he

explained that his responses and his signature on the written plea agreement were motivated by

---

[3] Although Rice contended his attorney had earlier told him of a possible agreement on sentencing in the range of seven years, his attorney testified that he never received an offer from the Commonwealth's attorney regarding sentencing and that he made clear to Rice there was no agreement on that issue. Defense counsel also stated that he was willing to take the case to trial and that he anticipated doing so.

fear, adding that he "didn't want to take [the plea]" because "it's nothing more than a carnal knowledge case."

In denying the motion to withdraw his guilty pleas, the trial court stated:

> I find, on the evidence and the arguments presented, that [Rice] made his pleas voluntarily, of his own free will, with advise of counsel, with an understanding of the evidence against him, and that there was no undue influence exerted upon him.
> I find that he knew then, as he has confirmed today, that he knew the nature of an <u>Alford</u> plea, understood it, brought it up to his attorney, [Rice] says, and that he therefore understood the consequences of that plea, to which I made finding of in November 2006, and which he has confirmed his answers with reference to the transcript.

## ANALYSIS

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." <u>Parris v. Commonwealth</u>, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). "This Court has noted previously that 'we should reverse only upon "clear evidence that [the decision] was not judicially sound . . . .""" <u>Coleman v. Commonwealth</u>, 51 Va. App. 284, 289, 657 S.E.2d 164, 166 (2008) (quoting <u>Jefferson v. Commonwealth</u>, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998)) (brackets in original).

Code § 19.2-296 states:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

When a motion to withdraw a guilty plea is made after entry of the final order, the Virginia Supreme Court noted that, under "the express terms" of Code § 19.2-296, a defendant

will be permitted to withdraw the plea only to "correct [a] manifest injustice." Justus v. Commonwealth, 274 Va. 143, 152, 645 S.E.2d 284, 288 (2007).

The statute is silent on the standard to be applied in cases such as the one at bar, when the motion to withdraw is made prior to the imposition of sentence. In such cases, "logic dictates that the standard must be more liberal than the requirement of showing a manifest injustice." Id. at 153, 645 S.E.2d at 288. The determination of the issue is, nonetheless, committed to the discretion of the trial court. Id. at 154, 645 S.E.2d at 288. "'As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances.'" Zigta v. Commonwealth, 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874).

That said, such "'discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Justus, 274 Va. at 153, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 323-24, 52 S.E.2d at 873-74). To warrant withdrawal of the guilty plea, the motion must be "'made in good faith and sustained by proofs, and a proper offer is made to go to trial on a plea of not guilty.'" Id. at 153-54, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874).

Rice contends that his pleas were entered as a result of his attorney's "undue influence," which "negated [his] ability to enter [the] plea freely and voluntarily." See Jones v. Commonwealth, 29 Va. App. 503, 514, 513 S.E.2d 431, 437 (1999) (finding that in "determining whether the existence of undue influence is sufficient to merit the withdrawal of a defendant's guilty plea, we focus on whether that influence negated the defendant's ability to enter his or her plea freely and voluntarily"). The record shows, however, that Rice entered the guilty pleas feeling pressured and fearful as he faced the prospect of fighting the charges alone and the

- 4 -

possibility of multiple life sentences being imposed.  We find nothing "undue" about such influences:

> Every defendant faces the fear of sentencing.  Each defendant considers the "pros" and "cons" of his or her plea and makes a decision based on the factors, or "influences," that are important to that person.  Therefore, "the least influence" and "fear" cannot include fear of sentencing alone.  Otherwise, courts would always have to grant motions to withdraw guilty pleas.  Such a result would run contrary to the historic discretion of trial courts discussed by the Supreme Court in Parris.

Coleman, 51 Va. App. at 290-91, 657 S.E.2d at 167.

Nor can it be said that it is "manifestly unjust" to accept a plea and to deny its withdrawal under the circumstances of this case.  Rice failed to proffer a "reasonable defense" to the charges, his motion rested solely on the bare contention that "it's nothing more than a carnal knowledge case."  Save that contention, Rice pointed to no evidence in the record establishing "substantive, and not 'merely dilatory or formal,' defenses to the charges."  Justus, 274 Va. at 155-56, 645 S.E.2d at 290.  Rice "presented no affidavits, alibi witnesses, or even any explanation of his . . . defense."  Coleman, 51 Va. App. at 293, 657 S.E.2d at 168.  The absence of a reasonable defense to the charges is fatal to his claim on appeal.  Id.

Accordingly, we find the trial court did not abuse its discretion if denying Rice's motion to withdraw his guilty pleas and affirm his convictions.

Affirmed.