COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ORNA LEE TERRELL

MEMORANDUM OPINION[*] BY
v.        Record No. 0583-11-1                      JUDGE ROBERT P. FRANK
                                                         JULY 24, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Charles E. Haden for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Orna Lee Terrell, appellant, was convicted, in a bench trial, of grand larceny, in violation of

Code § 18.2-95.  On appeal, he contends the trial court erred in declining to allow him to withdraw

his guilty plea prior to sentencing.  For the reasons stated, we affirm the trial court's judgment.

BACKGROUND

Appellant appeared in Newport News circuit court on January 21, 2010.  Although his trial

counsel was prepared for trial, appellant advised counsel that morning he wanted to retain another

attorney because he was dissatisfied with the attorney's services.  The trial court continued the

matter to allow appellant to retain another attorney.

On March 23, 2010, the trial date, the new attorney, Ashton Wray, asked for a continuance.

Wray indicated he had been retained in January but first learned of a surveillance video of the crime

scene several days earlier during an interview with appellant.  Wray received a copy of the video the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

day before trial, but had not had an opportunity to review the video. The Commonwealth's attorney replied that the video had been in the Commonwealth's file for review and in fact, Wray's associate reviewed that file in February, but never asked for a copy of the video until the past week.

The trial court allowed appellant and counsel to review the video. After doing so, counsel advised that he and appellant viewed the tape and that appellant would plead guilty. The trial court then entered into a colloquy with appellant wherein appellant stated, among other things, that he fully understood the charge against him and the consequences of entering a guilty plea. The trial court accepted appellant's plea of guilty, finding it was "freely, intelligently and voluntarily" made with an understanding of the nature of the charge and the consequences of the plea.

The Commonwealth then summarized the Commonwealth's evidence. Essentially, the evidence, if presented at trial, would prove that appellant entered a Newport News jewelry store and stole a Rolex watch valued in excess of $9,000. The theft was captured on the store's video camera and depicted appellant walking out of the store without paying for the watch. Appellant also left his sunglasses in the store. Evidence indicated the chances of the DNA evidence found on the sunglasses not matching appellant's exceeded the world's population.

The trial court found appellant guilty of grand larceny and continued the case for sentencing.

At the next hearing on November 5, 2010, counsel advised that appellant wanted to retain yet another attorney. For the first time, appellant complained the video he reviewed with his attorney on March 23, 2010 was black and was not clear. The trial court allowed counsel to withdraw and continued the case until January 10, 2011 to determine if appellant had retained new counsel. At that hearing, appellant indicated he had not yet retained new counsel and the case was continued to February 25, 2011.

On February 18, 2011, appellant filed a *pro se* motion to withdraw his plea. As his basis for the motion, appellant alleged his plea was entered upon a mistake of material fact, the plea was

induced by undue influence by his counsel, he did not understand the nature and consequences of "the charges," and counsel was ineffective in not investigating certain evidence, failing to conduct pre-trial discovery, and not filing a motion to suppress evidence.

On February 25, 2011, appellant appeared with new counsel who advised that, without counsel's knowledge, appellant had filed a *pro se* motion to withdraw his guilty plea. The trial court granted a continuance to allow new counsel additional time to research the motion.

At the subsequent hearing on March 11, 2011, appellant testified he wanted to retract his guilty plea because his attorney had promised he would receive three years with two years running concurrent with time he was already serving. He said his previous lawyer told him the court would grant a continuance because counsel had never seen the surveillance video, and when they viewed the video, it was dark, in black and white, and grainy. He stated he had hoped his attorney would have asked for a continuance based on their "not being able to see [the video] in the time we had to see it, and he told me to just plead guilty . . . ."

Appellant recalled the questions the court asked but stated he did not plead guilty on his own; he said he was confused. Appellant said that despite hearing the court say he faced up to twenty years in prison, his attorney told him to plead guilty and the attorney would get the time to run concurrent with time he was already serving. He also testified he pleaded guilty because his attorney told him to do so even though he was not guilty. Appellant asserted his attorney unduly influenced him to plead guilty because his attorney was trying to get the case finished so he could move on to other clients. According to appellant, his counsel failed to obtain a continuance, failed to move to suppress the video, and failed to move for discovery. On cross-examination, appellant agreed he was experienced with the criminal justice system; he had fourteen prior felony convictions.

In denying the motion to withdraw, the trial court noted that appellant's filing of the motion was the first time appellant claimed the plea was entered inadvertently. The trial court found no undue influence, nor a good faith basis for withdrawing the plea. The court explained that appellant had failed to supply any reasonable basis for contesting guilt and had offered no evidence to show his innocence. The court found appellant was not credible. Further, the trial court found appellant's guilty plea had been made freely and voluntarily without undue influence, coercion or duress. The court concluded the plea was not made under an honest mistake of material fact.

This appeal follows.

ANALYSIS

On appeal, appellant contends his guilty plea was entered in good faith under an honest mistake of material facts and was induced by undue influence by his trial counsel. Appellant points to his testimony that trial counsel failed to move to suppress the video, failed to ask for discovery, had not obtained a continuance to further review the video as promised, and assured appellant that he would receive three years with two years to run concurrent with any other time he was serving. He further contends counsel pressured him to plead guilty.

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

"However, a trial court is not required to automatically grant any request to withdraw a plea when the request is made prior to sentencing." Coleman v. Commonwealth, 51 Va. App. 284, 288-89, 657 S.E.2d 164, 166 (2008).

In Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949), the Supreme Court of Virginia held that when the defendant makes a motion to withdraw a guilty plea prior to the

- 4 -

imposition of sentence, the decision whether to grant that motion is committed to the discretion of the trial court, "'[b]ut such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" 189 Va. at 323-24, 52 S.E.2d at 873-74 (quoting Early v. Commonwealth, 86 Va. 921, 924, 11 S.E. 795, 796 (1890)).

> "[T]he withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007) (quoting Parris, 189 Va. at 324, 52 S.E.2d at 873). "'Thus, the motion should be granted even if the guilty plea was merely entered "inadvisedly" when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case.'" Hubbard v. Commonwealth, 60 Va. App. 200, 207, 725 S.E.2d 163, 166 (2012) (quoting Justus, 274 Va. at 154, 645 S.E.2d at 289). In other words, "'the accused should be permitted to withdraw a plea of guilty entered [i]nadvisedly when application thereof is duly made in good faith and sustained by proofs, and a proper offer is made to go to trial on a plea of not guilty.'" Bottoms v. Commonwealth, 281 Va. 23, 34, 704 S.E.2d 406, 412 (2011) (quoting Justus, 274 Va. at 153-54, 645 S.E.2d at 288). "However, the asserted defense cannot be merely dilatory or formal." Hubbard, 60 Va. App. at 208, 725 S.E.2d at 166.

The Parris standard thus requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt. Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90. "The first

- 5 -

requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008).

Good Faith

A few days prior to his sentencing date, appellant filed a *pro se* motion to withdraw his guilty plea. At the hearing on the motion, the reasons given by appellant were that he had pled guilty because his attorney told him to and that he was dissatisfied with both his attorney and with the quality of the videotape he had previously viewed with his attorney.

In Coleman, we explained:

> Obviously, every guilty plea is the product of some influence on a defendant. Every defendant faces the fear of sentencing. Each defendant considers the "pros" and "cons" of his or her plea and makes a decision based on the factors, or "influences," that are important to that person. Therefore, "the least influence" and "fear" cannot include fear of sentencing alone. Otherwise, courts would always have to grant motions to withdraw guilty pleas. Such a result would run contrary to the historic discretion of trial courts discussed by the Supreme Court in Parris.

Id. at 290-91, 657 S.E.2d at 167.

Applying Coleman to the facts of this case, it is clear that appellant's argument that he should be permitted to withdraw his plea because he was only doing what his lawyer told him to do must fail. We note that appellant asked for several continuances prior to entering his plea, replacing two of his attorneys, apparently in an effort to delay his trial. As the trial court recognized, appellant pled guilty after reviewing the videotape with his counsel. He never commented that the tape was unclear or otherwise unacceptable at the time of his plea. The trial court also emphasized that appellant has fourteen prior felony convictions, several for grand larceny. He also has numerous misdemeanor convictions for petit larceny. For him to now

- 6 -

argue that he was confused or subjected to undue influence by his attorney is nothing more than a dilatory attempt to postpone his trial. The trial court found there was no good faith basis to withdraw his guilty plea. As the evidence supports that finding, this Court cannot find an abuse of discretion.

CONCLUSION

For the foregoing reasons, we find the trial court did not err in denying appellant's motion to withdraw his guilty plea. The judgment of the trial court is affirmed.[1]

Affirmed.

---

[1] Since we find appellant had no good faith basis for withdrawing his guilty plea, we need not address whether he proffered a reasonable basis for contesting guilt.