COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ROBERT LEVON BRANCH

OPINION BY
v.        Record No. 2102-11-1                    JUDGE ROBERT J. HUMPHREYS
AUGUST 7, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Von L. Piersall, III, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Robert Levon Branch ("Branch") pled guilty to one count of rape in violation of Code

§ 18.2-61 in the Circuit Court of the City of Portsmouth ("trial court"), which the trial court

accepted.  Subsequently, Branch made a motion to withdraw his guilty plea prior to sentencing,

which the trial court denied.  On appeal, Branch contends that the trial court erred in denying his

motion to withdraw his guilty plea.  For the reasons that follow, we find that the trial court did

not err in denying Branch's motion, and thus we affirm.

I.  Background

Branch entered into a plea agreement with the Commonwealth under which Branch

would plead guilty to rape without conceding that he committed the offense as permitted by

North Carolina v. Alford, 400 U.S. 25 (1970),[1] in exchange for an active sentence that would not

_____

[1] In Alford, the United States Supreme Court held that an accused may voluntarily,
knowingly, and understandingly plead guilty and consent to the imposition of a prison sentence
even though he is unwilling to admit participation in the crime, or even if his guilty plea contains

exceed fifteen years of incarceration. On May 17, 2011, Branch appeared before the trial court and entered a guilty plea. Immediately thereafter, the trial court engaged in a colloquy in which Branch advised the court that he understood the charge, talked with his attorney about it, fully and thoroughly discussed the case with her, and although not admitting guilt, decided that it was in his "best interests" to plead guilty as permitted by the United States Supreme Court case of Alford.

The Commonwealth then proffered the following uncontested facts in support of Branch's guilty plea: Branch was released from jail in March 2009 and was living with S.H.[2] and her mother, Martina.[3] S.H. is a mentally-incapacitated adult. In August 2009, S.H went to the hospital, and tests revealed she was pregnant. Martina was able to piece together that Branch was the father, and Branch later admitted to an officer during the ensuing investigation that he had engaged in intercourse with S.H. Forensic DNA evidence from S.H.'s baby confirmed that there was a 99.9% probability that Branch was the father. S.H. also participated in extensive interviews with a doctor, who would have testified that S.H. lacked the mental capacity to comprehend the act of sex or to give consent to engage in sex. Based on the proffered evidence, the trial court accepted Branch's guilty plea, entered a conviction order, and ordered that a pre-sentence report be prepared.

Prior to sentencing, Branch's attorneys moved to withdraw from their representation of him following a bar complaint from Branch. The trial court granted the attorneys' motion. Subsequently, Branch, through new counsel, filed a motion to withdraw his guilty plea. At a

---

a protestation of innocence, when, as here, he intelligently concludes that his interests require a guilty plea and the record strongly evidences his guilt.

[2] We have abbreviated the victim's name in an effort to provide her a degree of privacy.

[3] Although it was not included in the proffer, Branch's counsel clarified that S.H. was Branch's stepdaughter during oral argument.

hearing on the motion, Branch testified that he signed the plea agreement, because his prior attorneys "told him that if [he] didn't take the plea, that [he] would get forty years."  He added that he was unhappy that the judge would not appoint him new attorneys, because his attorneys at the time were not "willing to fight for [him].  It's like they didn't believe what [he] was telling them."

Branch also testified that, while he had sexual intercourse with S.H., he had a defense to the charge because he knew "this person for years, and this person never been helpless [sic] a day in her life."  His counsel expanded upon the statement by asking whether the sex "was consensual, and she was capable of giving consent," to which Branch replied, "Yes, sir."

Branch's counsel argued that the motion should be granted under Justus v. Commonwealth, 274 Va. 143, 645 S.E.2d 284 (2007).  The trial court denied the motion, reasoning that

> you have to – at least show some grounds that the defense is valid, some – I won't go so far as to say probable cause, but some – indicia that the defense is valid; . . . .
>
> *    *    *    *    *    *    *
>
> That his only defense is that he thought she was not retarded; that's essentially what he said here today.  He's known her.  He thought she was not mentally retarded.  He did have sex with her.
>
> The overwhelming evidence is to the contrary, and it was clearly explained to him what the situation was.  I'm inclined to agree with [the Commonwealth's attorney] that he took a look at what the consequences might be after he pled guilty and had buyer's remorse.  I don't think that's enough to change things.

Subsequently the trial court sentenced Branch to 70 years of incarceration with all but 15 suspended.  Branch then noted this appeal.

## II. Analysis

"[T]he decision to allow a defendant to withdraw his guilty plea rests 'within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" Coleman v. Commonwealth, 51 Va. App. 284, 289, 657 S.E.2d 164, 166 (2008) (quoting Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949)). Thus, an appellate court "'should reverse only upon clear evidence that [the decision] was not judicially sound . . . .'" Id. (quoting Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998)).

By statute,

> [a] motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Code § 19.2-296. While the statute is silent as to the standard to be applied to pre-sentence motions to withdraw guilty pleas, our Supreme Court has held that "the standard must be more liberal than the requirements of showing a manifest injustice." Justus, 274 Va. at 153, 645 S.E.2d at 288. Under this criterion, there is no general rule, but

> "it may be said that the withdrawal of a [pre-sentencing] plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable grounds is offered for going to the jury."

Parris, 189 Va. at 325, 52 S.E.2d at 874 (quoting 14 Am. Jur. Criminal Law § 287, at 961 (1938)).

- 4 -

While this sentiment establishes that the test is a relatively liberal standard, Parris and subsequent cases have made clear that a motion to withdraw a guilty plea made prior to sentencing should only be granted if a two-part test is satisfied: first, that the motion is made in good faith, and second, the defense advanced in support of the motion is reasonable and not merely dilatory or formal.[4] Id. at 324-25, 52 S.E.2d at 874; Justus, 274 Va. at 153, 645 S.E.2d at 288 (holding that a pre-sentence motion to withdraw a guilty plea "should be granted even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case"); Bottoms v. Commonwealth, 281 Va. 23, 32-33, 704 S.E.2d 406, 412 (2011) ("the proper standard requires the court to determine only whether, based on the facts and circumstances of the particular case, the [pre-sentencing] motion to withdraw a guilty plea is being made in good faith and is premised upon a reasonable basis that the defendant can present substantive, and not merely dilatory or formal, defenses to the charges"). "The Parris test serves two purposes. The good faith requirement 'protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court,' and the reasonable defense requirement 'defeats motions to withdraw which would result in an essentially futile trial.'" Hubbard v. Commonwealth, 60 Va. App. 200, 208, 725 S.E.2d 163, 166-67 (2012) (quoting Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008)).[5]

---

[4] At oral argument, the Commonwealth argued that the test is a three-prong test that requires a showing of undue influence, good faith, and a reasonable defense that is not merely dilatory or formal. We reject this interpretation, as the holdings of Parris, Justus, and Bottoms v. Commonwealth, 281 Va. 23, 704 S.E.2d 406 (2011), indicate that the defendant need only be acting *in good faith* and have a reasonable defense that is not merely dilatory or formal. While the presence of undue influence could certainly indicate that the defendant's motion is made in good faith, there is no requirement that the defendant make a threshold showing that rises to the level of undue influence before considering the remaining factors.

[5] As we noted in Hubbard, "a motion to withdraw a guilty plea may be appropriately denied where the record indicates that there has been some form of significant prejudice to the

There is an important distinction between the record in this case and that in Hubbard. In Hubbard, the trial court made no factual finding that Hubbard was acting in bad faith in asking the court to permit him to withdraw his guilty plea. Instead, in Hubbard, the trial court incorrectly based its decision to deny Hubbard's motion solely on the fact that his guilty plea had been entered into knowingly and voluntarily. Our Supreme Court expressly rejected this as the appropriate standard for such motions in Bottoms, 281 Va. at 33, 704 S.E.2d at 412 ("reliance upon 'admissions made by a defendant in a guilty plea and the attendant colloquy . . . is misplaced in the context of a Code § 19.2-296 motion to withdraw a guilty plea prior to sentencing'" (quoting Justus, 274 Va. at 154, 645 S.E.2d at 289)). However, in this case, the trial court obviously concluded that Branch was not acting in good faith.[6] "A trial court's finding on the issue of 'good faith' is a finding of fact." Johnston v. First Union Nat'l Bank, 271 Va. 239, 248, 624 S.E.2d 10, 15 (2006). Under our appellate standard of review, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them . . . ." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc); see Jones v. Commonwealth, 29 Va. App. 503, 514, 513 S.E.2d 431, 436-37 (1999) (holding that the trial court's finding that the defendant was not acting under undue

---

Commonwealth." Hubbard, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4. The Commonwealth has not argued any prejudice in this case, and, in fact, Branch faces a longer sentence should he lose the benefit of the plea agreement and ultimately be convicted.

[6] Although the trial court did not expressly state that Branch was not acting in good faith in his motion, it is certainly implicit from the court's finding that Branch merely "took a look at what the consequences might be after he pled guilty and had buyer's remorse." Furthermore, "'[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts.'" Caprino v. Commonwealth, 53 Va. App. 181, 184, 670 S.E.2d 36, 37-38 (2008) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)). During argument on the motion, Branch's counsel recited the Parris test as enumerated in Justus. Thus, the trial court was fully aware of the test, and unlike in Hubbard where this presumption was rebutted by the record, the factual findings in this case are supported by the record and indicate that the trial court applied the correct standard.

influence when he entered his guilty plea was not plainly wrong or without evidence to support it).

In defense of his motion, Branch argued that he never admitted his guilt and testified that he was under pressure, because his prior attorneys "told him that if [he] didn't take the plea, that [he] would get forty years." Furthermore, Branch was unhappy that the trial court refused to appoint him new counsel, because his current attorneys were not "willing to fight for [him]." These statements fail to show the "'least surprise or influence'" or that Branch's guilty plea "'was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly.'" Parris, 189 Va. at 325, 52 S.E.2d at 874 (quoting 14 Am. Jur. Criminal Law § 287, at 961 (1938)). Furthermore, at the time he entered his guilty plea, the record reflects that Branch was specifically asked why he was pleading guilty and his response was that "it was in my best interest" to do so. This and Branch's other statements support the trial court's finding that "he took a look at what the consequences might be after he pled guilty and had buyer's remorse." As we have noted previously,

> "every guilty plea is the product of some influence on a defendant. Every defendant faces the fear of sentencing. Each defendant considers the 'pros' and 'cons' of his or her plea and makes a decision based on the factors, or 'influences,' that are important to that person. Therefore, 'the least influence' and 'fear' cannot include fear of sentencing alone. Otherwise, courts would always have to grant motions to withdraw guilty pleas. Such a result would run contrary to the historic discretion of trial courts discussed by the Supreme Court in Parris."

Williams v. Commonwealth, 59 Va. App. 238, 248, 717 S.E.2d 837, 841 (2011) (quoting Coleman, 51 Va. App. at 290-91, 657 S.E.2d at 167). Thus, we cannot say that the trial court's finding that Branch was not acting in good faith was plainly wrong or without evidence to

support it.  Because Branch's motion to withdraw his guilty plea was not made in good faith, we need not address the issue of whether he presented a reasonable defense in support of his motion.

### III.  Conclusion

For these reasons, we affirm the judgment below.

<u>Affirmed.</u>