COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


LEONEL ALEXANDER VASQUEZ

MEMORANDUM OPINION[*] BY
v.     Record No. 0241-12-4          JUDGE ROSEMARIE ANNUNZIATA
JANUARY 22, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Graziella Bianchi (Law Offices of Graziella Bianchi, PLLC, on
briefs), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Leonel Alexander Vasquez (appellant) contends the trial court erred in denying his motion

to withdraw his guilty plea to a charge of rape.  Finding no error, we affirm the trial court's

decision.

BACKGROUND

On September 19, 2011, the day before his scheduled trial upon indictments for rape and

abduction with the intent to defile, appellant requested a continuance to permit him to retain new

counsel.[1]  Appellant said he did not think his attorney had adequately investigated the matter or

represented him vigorously.  However, appellant was unable to articulate precisely what his

attorney had failed to do.  The trial court found no valid basis for a continuance and denied

appellant's request.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant had retained counsel in May 2011.  The September 20, 2011 trial date was
scheduled on July 1, 2011.

Later on September 19, 2011, appellant returned to court and entered a guilty plea to the rape charge. Pursuant to a plea agreement, the trial court *nolle prosequied* the abduction charge. At the hearing, appellant acknowledged that he was entering his plea voluntarily with full knowledge of the consequences, including the maximum sentence that could be imposed. Appellant said he was entering his plea because he was in fact guilty.

The prosecutor stated that the evidence, had the matter gone to trial, would have proven that on April 22, 2011 appellant forced the victim, his former girlfriend, into the back seat of a vehicle. Appellant held down the victim and raped her. The victim reported the incident to her school resource officer on April 27, 2011. In a physical examination of the victim, a sexual assault nurse examiner noted bruising and an abrasion to the victim's arm. The victim complained of chest pains where appellant had pressed into her sternum during the incident. Also on April 27, 2011, during a recorded telephone call with the victim, appellant apologized and said he knew what he had done was wrong. He promised never to hurt or rape the victim again. After his arrest, appellant admitted to the police that he held the victim down and intentionally hurt her during the attack.

On December 2, 2011, prior to sentencing, appellant moved to withdraw his guilty plea. Appellant had retained a new attorney since the guilty plea hearing. Appellant's new attorney said the plea was entered inadvisably and that appellant's defense was that the sexual intercourse was consensual. Counsel also stated that the victim did not report the incident for four days, during which time the victim had confirmed her suspicion that appellant had cheated on her with another woman. The trial court denied appellant's motion to withdraw his plea.

ANALYSIS

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case."

- 2 -

Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). "This Court has noted previously that 'we should reverse only upon "clear evidence that [the decision] was not judicially sound . . . ."'" Coleman v. Commonwealth, 51 Va. App. 284, 289, 657 S.E.2d 164, 166 (2008) (quoting Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998)). "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred'" with regard to a trial court's denial of a motion to withdraw a guilty plea. Williams v. Commonwealth, 59 Va. App. 238, 246-47, 717 S.E.2d 837, 841 (2011) (quoting Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006)).

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Generally,

> "the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874).

In Branch v. Commonwealth, 60 Va. App. 540, 546-47, 729 S.E.2d 777, 780 (2012), this Court found:

- 3 -

While this sentiment establishes that the test [regarding withdrawal of a guilty plea] is a relatively liberal standard, Parris and subsequent cases have made clear that a motion to withdraw a guilty plea made prior to sentencing should only be granted if a two-part test is satisfied: first, that the motion is made in good faith, and second, the defense advanced in support of the motion is reasonable and not merely dilatory or formal. [Parris, 189 Va.] at 324-25, 52 S.E.2d at 874; Justus, 274 Va. at 153, 645 S.E.2d at 288 (holding that a pre-sentence motion to withdraw a guilty plea "should be granted even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case"); Bottoms v. Commonwealth, 281 Va. 23, 32-33, 704 S.E.2d 406, 412 (2011) ("the proper standard requires the court to determine only whether, based on the facts and circumstances of the particular case, the [pre-sentencing] motion to withdraw a guilty plea is being made in good faith and is premised upon a reasonable basis that the defendant can present substantive, and not merely dilatory or formal, defenses to the charges").

The trial court in this case recognized the applicable two-part test and denied appellant's motion. With regard to the first prong of the test, the trial court noted:

[T]here's no evidence that has been proffered to me other than that a different counsel has reached a different judgment about what is in the defendant's best interest, that there's no evidence that there was an honest mistake in material fact or facts, . . . there's no evidence of fraud, there's no evidence of coercion, no evidence of undue influence.

And for that matter, using Bottoms, there's no evidence of official misrepresentation, of misunderstanding as to its effect, mistake, misconception of the nature, or that it was entered inadvisably.

In addition to finding there was no good faith basis for the withdrawal of the guilty plea, the trial court found that appellant had not advanced a reasonable defense.

This Court has stated that the first prong of the test requires the defendant "to establish a good-faith basis for making the guilty plea *and* later seeking to withdraw it." Williams, 59 Va. App. at 246, 717 S.E.2d at 840 (emphasis added). "The good faith requirement 'protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge

to manipulate the court . . . .'" Hubbard v. Commonwealth, 60 Va. App. 200, 208, 725 S.E.2d 163, 166-67 (2012) (quoting Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008)). "'A trial court's finding on the issue of "good faith" is a finding of fact.'" Branch, 60 Va. App. at 547-48, 729 S.E.2d at 781 (quoting Johnston v. First Union Nat'l Bank, 271 Va. 239, 248, 624 S.E.2d 10, 15 (2006)).

The relevant facts and circumstances support the trial court's conclusion that appellant's motion to withdraw was not made in good faith. On the same day that he pleaded guilty, appellant was unable to articulate any valid reason why he was unsatisfied with his attorney and wished to hire a new one. Nor could he state any reason why he had waited until the eve of trial to request a continuance, even though the trial had been scheduled for months. Appellant's motion to withdraw his plea, raised months after the guilty plea hearing and after retaining new counsel, in effect sought reversal of the trial court's earlier rulings and further delay in bringing the proceedings to a conclusion. See id. at 548, 729 S.E.2d at 781 (trial court's statement that defendant had "buyer's remorse" after his guilty plea was implicit factual finding that he did not move to withdraw the plea in good faith); Cobbins, 53 Va. App. at 35, 668 S.E.2d at 820 (motion to withdraw not made in good faith when guilty plea entered "in an attempt to 'buy time' to get what [t]he [defendant] really wanted: yet another continuance of his trial so he could dismiss his second lawyer and hire a third").

We find no basis to reverse the trial court's finding of fact that appellant failed to establish a good faith basis for withdrawal of his plea. Therefore, we need not consider whether the trial court erred in finding appellant had not advanced a reasonable defense in support of his motion to withdraw. See Cobbins, 53 Va. App. at 36 n.4, 668 S.E.2d at 820 n.4.

## CONCLUSION

The trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Accordingly, appellant's conviction is affirmed.

<u>Affirmed.</u>