COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Russell*

RANDY WAYNE GHOLSON, JR.

                                                       MEMORANDUM OPINION**

v.       Record No. 1017-21-2                          PER CURIAM
                                                       JULY 5, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

(Todd M. Ritter; Hill & Rainey, on brief), for appellant.

(Jason S. Miyares, Attorney General; Sharon M. Carr, Assistant
Attorney General, on brief), for appellee.


Randy Wayne Gholson, Jr., appeals the sentences imposed for his convictions of burglary, grand larceny, and possession of ammunition by a felon, in violation of Code §§ 18.2-89, -95, and -308.2. He contends that the trial court erred in sentencing him to an active period of incarceration that exceeds the Virginia Criminal Sentencing Guidelines. We hold that the appeal is wholly without merit.[1] Consequently, we affirm the decision of the trial court.

---

    * Justice Russell participated in the decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

    ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

    [1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

## I. BACKGROUND[2]

At 4:00 a.m. one morning, Robert Glasser awoke to the sound of an intruder in his home. Glasser noticed that the prowler carried something creating a green laser light. Glasser yelled, and the person fled the house. Glasser discovered that a firearm and some football memorabilia were missing from his home. Chesterfield County Police Officers Hadlow and Sentall responded to the scene and found a stolen SUV parked in the neighborhood. The officers stayed and watched that vehicle. When the appellant and a second individual approached the stolen car, the two police officers gave chase. Sentall chased the appellant and soon caught him. When he was apprehended, the appellant had in his possession a firearm with a green laser sight on it. Hadlow gave chase to the second individual, Takesh Johnson. Hadlow saw Johnson toss an item later identified as the stolen firearm. Johnson told police that he remained outside of Glasser's residence during the burglary and that the appellant gave him the gun when he left the house. The appellant did not have Glasser's permission to enter his residence or to take his property. The stolen firearm had a value of $300, and the sports memorabilia was valued at $400.

The appellant pled *nolo contendere*, or "no contest," to one count of burglary, one count of grand larceny, and one count of possession of ammunition by a felon. Before accepting the appellant's guilty pleas, the trial court conducted a thorough colloquy to ensure he was entering his pleas freely and voluntarily. The court verified that the appellant understood that the court did not have to follow the sentencing guidelines and that he had discussed those guidelines with his counsel. After lengthy questioning, the trial court found that the appellant's pleas were entered freely and voluntarily and that he understood the nature of the charges against him and the

---

[2] Under settled principles, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018). The Commonwealth's attorney proffered this evidence at the appellant's guilty plea hearing.

consequences of his pleas. The court found the appellant guilty, ordered a presentence report (PSR), and scheduled the matter for sentencing.

At sentencing, the court admitted a letter from the City of Refuge, a recovery center for drug addiction. It also admitted the PSR and the sentencing guidelines into evidence. The guidelines recommended an active period of incarceration ranging from three years and ten months to six years and nine months. The Commonwealth argued that this was an "armed nighttime burglary into an occupied home," that the "homeowner [was] awoken to a green light and flashing on the walls of his house," and that shortly after the break-in, police found the appellant with a firearm "with a laser sight on it." The Commonwealth also noted that the appellant had a prior burglary charge and explained that the appellant gave "a version of what occurred that is not supported at all by any bit of the evidence." The Commonwealth asked the trial court to sentence the appellant above the guidelines and suggested a twenty-year sentence.

In arguing that the trial court should sentence him at the low end of the guidelines, the appellant asked it to consider certain mitigating factors. He emphasized that he did not have an extensive criminal history, that he had a serious drug addiction, that he is a young man with a young child to support, that he has an ability to work, and that no one saw him inside the victim's house on the night of the offense.[3]

The court sentenced the appellant to twenty years on the burglary charge, twenty years on the grand larceny charge, and five years on the possession of ammunition charge. It suspended thirty years total, resulting in an active period of incarceration of fifteen years. The court listed three reasons for deviating from the sentencing guidelines: (1) the appellant's "version of events

---

[3] The appellant denied entering Glasser's house. The version of events he submitted for the PSR does not mention the burglary. Instead, the appellant maintained that his friend merely asked him to hold the gun.

[was] not supported by the evidence," (2) he intruded into someone's home, and (3) the Commonwealth's recommendation.

The appellant filed a motion to reconsider his sentence. The trial court conducted a hearing on that motion and denied it.

## II. ANALYSIS

The appellant appeals his sentence to this Court. He contends that the trial court's decision to sentence him to an active period of incarceration so far above the high-end of his sentencing guidelines was "unwarranted" and "outside the bounds of the conscientious judgment standard required in the exercise of judicial discretion." The appellant also urges this Court to review his sentence for reasonableness "in relation to the nature of his offense, his background, and the surrounding circumstances."

We review a trial court's sentencing decision for an abuse of discretion. *See Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019). "When exercising its discretionary power . . . , the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563-64 (2016) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 564 (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing . . . appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Given this deferential standard of review, we will not interfere with the sentence so long as it 'was within the range set by the legislature' for the particular crime of which the defendant was convicted." *Fazili*, 71 Va. App. at 248 (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). "[I]n conducting our review,

'we are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them . . . .'" *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (second alteration in original) (quoting *Branch v. Commonwealth*, 60 Va. App. 540, 548 (2012)).

The Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007). They are "merely procedural tools to assist and guide a judge in the exercise of the judge's sentencing discretion." *Luttrell v. Commonwealth*, 42 Va. App. 461, 468 (2004). Therefore, a trial court is required "only to consider the sentencing guidelines before sentencing [a defendant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)). Moreover, "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] . . . shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).

In this case, the sentencing guidelines recommended an active period of incarceration ranging from three years and ten months to six years and nine months. In fashioning the appellant's sentence, the trial court considered the discretionary sentencing guidelines and listed three reasons for its departure from them, specifically that the appellant's "version of events [was] not supported by the evidence," that this was a home invasion, and the "Commonwealth's recommendation." *See* Code § 19.2-298.01 (requiring review and consideration of the applicable sentencing guidelines in all felony cases except Class 1 felonies).

Separately identified, the maximum sentences for the appellant's convictions were twenty years for burglary, Code § 18.2-89, twenty years for grand larceny, Code § 18.2-95, and five years for possession of ammunition after being convicted of a non-violent felony, Code § 18.2-308.2. *See* Code § 18.2-10 (listing the permissible range of sentences for each class of felony). Consequently, the trial court could have sentenced the appellant to a total of forty-five

years and not suspended any time. Instead, the court sentenced the appellant to a total of forty-five years' imprisonment and suspended thirty years, leaving the appellant with fifteen years of active time to serve.

By considering the discretionary sentencing guidelines, giving reasons for its upward departure, and sentencing the appellant within the applicable statutory range, the trial court did not abuse its discretion. *See Minh Duy Du*, 292 Va. at 563-64 (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range).

Conceding that his sentence falls within the relevant statutory range, the appellant nevertheless argues that "disproportionate sentences may violate constitutional values, and unreasonable sentences should be vacated and set aside." He "urges this Court to expand review of sentencing decisions in defense of the individual liberty of citizens incarcerated for a crime." However, it is well-settled that "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Minh Duy Du*, 292 Va. at 565 (quoting *Dorszynski v. United States*, 418 U.S. 424, 431 (1974)). In other words, having concluded that the appellant's sentence was within the statutory range, "our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

In addition, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 239, 243 (2016) (rejecting an Eighth Amendment challenge to a 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

The trial court sentenced the appellant for his crimes to a sentence within the range set by the Virginia legislature.  Therefore, the court did not abuse its discretion in determining the appellant's sentence.  For that reason, we affirm.

### III.  CONCLUSION

The trial court did not abuse its discretion by imposing a sentence within the statutory maximum range.  Accordingly, we affirm the trial court's judgment.

*Affirmed.*