COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank*

PAUL TRAVIS GREER

v.      Record No. 0152-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
OCTOBER 17, 2023

FROM THE CIRCUIT COURT OF PATRICK COUNTY
Marcus A. Brinks,[1] Judge

(Lauren Brice, Assistant Public Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Jessica M. Bradley, Assistant
Attorney General, on brief), for appellee.


Upon his guilty plea, the Patrick County Circuit Court convicted Paul Travis Greer on one

count of unlawful wounding in violation of Code § 18.2-51 and sentenced him to five years in

prison with three years suspended. On appeal, Greer contends that the circuit court abused its

discretion by imposing an active two-year sentence. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Because we find no legal support for

Greer's claim, we affirm.

_____

* Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

** This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The Honorable James R. McGarry presided over the guilty plea hearing.

BACKGROUND

On March 7, 2022, a grand jury indicted Greer on a charge of malicious wounding. On July 25, 2022, the Commonwealth moved to amend the indictment to the lesser-included offense of unlawful wounding and Greer entered a no contest plea to that charge. The Commonwealth proffered the following facts during the plea hearing:

> [O]n July twelfth, two thousand and twenty-one, Deputy Christian Gilbert responded to [Roy Greer's address] in the Stuart area of Patrick County, Virginia in reference to a domestic assault between [Greer] and his father, Roy Greer. Upon arrival, Deputy Gilbert came into contact with Roy Greer. The Deputy observed a large bruise and significant swelling on [Roy]'s forehead and left eye. [Roy] told the Deputy that his son is on drugs and assaulted him. [Roy] explained that he and [Greer] were in a heated verbal argument when [Greer] grabbed a metal and wooden shovel and hit him in the face and head multiple times. [Greer] told the Deputy that he was upset and angry about his father driving under the influence with [Greer]'s minor son in the vehicle and stated[,] . . ."I just lost it[.]" Later that same day, [Roy] was taken to Carilion Roanoke Memorial Hospital and had a CT scan which showed multiple skull fractures. [Roy] was treated for his injuries and released with instructions . . . for after care with his primary physician. After the assault, [Roy] had severe bruising to his face, head, and eye area.

The circuit court accepted Greer's no contest plea, found him guilty of unlawful wounding, ordered the preparation of a presentence investigation report (PSR), and continued the matter for sentencing.

Greer testified at the sentencing hearing. Greer explained that he was under the influence of steroids and methamphetamine when he fractured his father's skull with a shovel.[2] After his arrest, he began treatment for PTSD and substance abuse. He said he was "[m]ostly clean" but would "slip every now and then" and tested positive for methamphetamine twice in the past six months. He admitted that he was still actively using "benzos" that he purchased "off the street" at "a drug house." He nonetheless denied having a severe drug problem.

---

[2] The circuit court admitted a photograph of Roy's significant facial injuries into evidence as Commonwealth's Exhibit No. 1.

Greer acknowledged that he had a "very lengthy criminal record" and had been "in and out of trouble" his "whole adult life." He explained that he does not "do well on probation" and conceded that his criminal history contains eight prior probation violations. Greer also admitted he had a history of violence towards others and that he had been convicted of strangulation upon his ex-wife and her boyfriend. Greer believed that his inability to secure employment for the past seven to eight years was "because of the violence" on his criminal record. Greer called his brother, his brother's girlfriend, and Roy to testify on his behalf. They all said that Greer had changed for the better over the past few months and was seeking employment. Roy did not want Greer to go to jail because Greer helped him around the house and assisted with his needs.

Greer asked the court to modify his sentencing guidelines, which recommended a range of punishment from one year and one month to three years and five months in prison. Greer encouraged the circuit court to "check the modification box" on the guidelines to bring the low end of his guidelines down to zero days, because Greer accepted responsibility for his actions. He then asked the circuit court not to impose active incarceration and recommended, instead, that the circuit court place him on a period of supervised probation. The Commonwealth objected to modifying the guidelines and asked for a "significant period" of incarceration. Finding that Greer accepted responsibility, the circuit court modified the guidelines to the recommended active incarceration range of zero days to three years and five months.

The circuit court remarked that there were "positives and negatives in this case." It recognized that Greer was "no stranger to the [c]ourt," but observed,

> In this case, he has apparently grabbed the bull by the horns . . . taken steps to address his difficulties . . . whether it's the post-traumatic stress disorder or the drug use, and I think he does have a serious drug problem. When I read that he takes meth . . . or was taking methamphetamine and heroin one time a week, I multiply that by several times. I don't think it was just once a week, but he did, apparently seek out help, and has been applying himself to that, and I have heard nothing but that he is going to four programs, but then I

> look at his criminal record and he brings that to the table, and it is a
> bad one.

Greer already had 7 felony and 15 misdemeanor convictions, including burglaries, strangulations, receiving stolen goods, grand larcenies, petit larcenies, probation violations, failures to appear, falsely identifying himself to law enforcement, contempt, and traffic violations. Before pronouncing its sentence, the court explained its reasoning.

> [P]eople are put in jail . . . to punish an offender . . . not just rehabilitation or that kind of thing, but to punish him, and when I see the picture of Mr. Roy Greer with the pasting he got on his head, with this shovel . . . we are lucky that we are not here on a murder charge or a manslaughter charge. Your own dad and you are hitting him in the head with a shovel. I think that warrants an appropriate sentence. . . . I did hear him say today that . . . not only that he was embarrassed, but he is sorry . . . but he can't just walk away from this.

In sentencing Greer to an active two-year period of incarceration, the circuit court stated it was giving Greer "some credit" for his no contest plea.

ANALYSIS

Greer contends on appeal that the circuit court abused its discretion by imposing an active sentence of two years. He asserts that the circuit court failed to properly consider his mitigating evidence and unreasonably punished him for his actions. We disagree.

We review a circuit court's sentencing decision for an abuse of discretion. *See Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019). "When exercising its discretionary power . . . , the [circuit] court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563-64 (2016) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 564 (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing . . . appellate review rests on the venerable belief that the judge closest to

the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "[I]n conducting our review, 'we are bound by the [circuit] court's findings of historical fact unless "plainly wrong" or without evidence to support them . . . .'" *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (last alteration in original) (quoting *Branch v. Commonwealth*, 60 Va. App. 540, 548 (2012)).

"Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Fazili*, 71 Va. App. at 248 (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). That is, where the argument on appeal "is simply a challenge to the duration of imprisonment," an appellate court will only evaluate whether the sentence exceeded the maximum penalty prescribed by the sentencing statute. *Minh Duy Du*, 292 Va. at 564. The circuit court's sentencing decision "will not be disturbed as long as it stays within" the range of punishment set by the legislature "and is not influenced by any mistake of law." *Id.* at 563-64 (quoting *Lawlor*, 285 Va. at 212-13). Moreover, although the circuit court must "review and consider the suitability of the applicable discretionary sentencing guidelines," Code § 19.2-298.01(A), it is well settled that the Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory." *West v. Dir. of Dep't of Corrs.*, 273 Va. 56, 65 (2007).

Unlawful wounding is a Class 6 felony, punishable by "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Code §§ 18.2-51, -10(f). Greer's adjusted sentencing guidelines suggested an active period of incarceration between zero days and three years and five months. The circuit court sentenced Greer to five years in prison, with three years suspended. Thus, the sentence imposed upon Greer is not excessive, first because it was within the recommended sentencing guidelines and

second because it was set within the applicable statutory range for a Class 6 felony. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Minh Duy Du*, 292 Va. at 565 (quoting *Dorszynski v. United States*, 418 U.S. 424, 431 (1974)). Having found that Greer's sentence was within the statutory range, "our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

Further, the record does not support Greer's contentions that the circuit court failed to give appropriate weight to his mitigation evidence and that it punished him unreasonably. A court abuses its discretion

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Here, the circuit court expressly considered the facts of the assault on Greer's father, everything contained in the PSR, the victim's testimony, the statements made by Greer's brother and his brother's girlfriend, the arguments of counsel, and Greer's testimony and statement made in allocution, before imposing its sentence. The circuit court expressly noted the improvements Greer made after his arrest and his acceptance of responsibility, but ultimately concluded that the egregious facts of the case called for an appropriate sentence. In fashioning its sentence the circuit court clearly considered all of the relevant factors and, in our view, gave proper weight to the evidence as a whole. We therefore conclude, as we must, that the circuit court did not abuse its discretion in sentencing Greer to five years in prison, with three years suspended.

CONCLUSION

The circuit court clearly considered all the evidence presented and consulted the discretionary criminal sentencing guidelines before sentencing Greer to a term of imprisonment within the applicable statutory range. Thus, the circuit court did not abuse its discretion in fashioning Greer's sentence. We affirm the circuit court's decision.

*Affirmed.*